UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL BOWARY, M.D.,

    Plaintiff,

v.

UNITED STATES MEDICAL LICENSING EXAMINATION, NATIONAL BOARD OF MEDICAL EXAMINERS, and THE FEDERATION OF STATE MEDICAL BOARDS OF THE UNITED STATES, INC.,

    Defendant.

Case No. 1:21-cv-00278-JJM-LDA

## DECLARATION OF DAVID JOHNSON

1. My name is David Johnson. I am the Chief Assessment Officer at the Federation of State Medical Boards ("FSMB"). Unless otherwise stated, I have personal knowledge of the facts stated below, based on my work at FSMB and my review of company records maintained in the ordinary course of business, as referenced below.

2. FSMB is a non-profit corporation located in Euless, Texas. It also has an office in Washington, D.C. FSMB represents state medical and osteopathic regulatory boards — commonly referred to as state medical boards — within the United States and its territories. FSMB supports its member boards as they fulfill their mandate of protecting the public's health, safety, and welfare through the proper licensing, disciplining, and regulation of physicians and, in most jurisdictions, other health care professionals.

3. FSMB and the National Board of Medical Examiners ("NBME") own the United States Medical Licensing Examination ("USMLE"), a three-step examination that assesses a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental

patient-centered skills, that are important in health and disease and that constitute the basis of safe and effective patient care.

4. Medical licensing authorities across the country have chosen to use the USMLE to help evaluate the qualifications of individuals seeking an initial license to practice medicine.

5. Applicants apply to NBME to take Step 1 and Step 2 of the USMLE, and they apply to FSMB to take Step 3 of the USMLE. Step 3 is the final examination in the USMLE sequence leading to a license to practice medicine in the United States without supervision. It provides a final assessment of physicians who desire to assume independent responsibility for delivering general medical care.

6. When an individual applied to take Step 3 of the USMLE in 2018, he or she did so electronically and had to check a box stating as follows in order to proceed with the application process:

**By submitting this application, I certify the following:**

- The information provided on this form is true and accurate.
- I currently meet all of the Step 3 eligibility requirements.
- I have read the most current version of the USMLE Bulletin of Information and all relevant application instructions, that I am familiar with their contents, and agree to abide by the policies and procedures described therein.

A true and correct copy of a screen shot of this page in the electronic application is attached at Exhibit A.

7. An applicant could not complete the test registration process without checking the box indicating his or her certification of these statements.

8. According to FSMB's records, Paul Bowary successfully registered for the USMLE Step 3 exam on January 10, 2018, making him eligible to test between February 1, 2018, and April 30, 2018.] He took the Step 3 exam on April 8, 2018. Dr. Bowary's successful

exam registration confirms that he checked the box during the exam registration process signifying his certification of the statements shown in paragraph 6 above.

9. As part of its effort to protect the integrity of the scores that are reported for individuals who take the USMLE exams, the USMLE program investigates suspected incidents of irregular behavior relating to the exams and reserves the right to impose sanctions on individuals who engage in such behavior. The sanctions reinforce the importance of ethical behavior which state medical boards, the public, and individual patients expect from medical professionals and those applying for licensure. The USMLE communicates any sanction to medical licensing authorities through annotation of the official USMLE transcript and providing the letter relating the program's finding of irregular behavior. This strengthens the licensing process by ensuring that all relevant assessment information is made available to medical licensing authorities, and further protects the integrity of the USMLE program.

10. It is my understanding that Dr. Bowary has entered int to a "Voluntary Agreement Not To Practice Medicine" that has been consented to and ratified by the State of Rhode Island Department of Health. I have attached at Exhibit B a true and correct copy of that Voluntary Agreement, as downloaded from the Rhode Island Department of Health's website at https://health.ri.gov/discipline/MDPaulBowary.pdf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 22, 2021.

David Johnson

# EXHIBIT A

**Terms & Conditions**

☐  **By submitting this application, I certify the following:**
- The information provided on this form is true and accurate.
- I currently meet all of the Step 3 eligibility requirements.
- I have read the most current version of the USMLE Bulletin of Information and all relevant application instructions, that I am familiar with their contents, and agree to abide by the policies and procedures described therein.

Checkout

# EXHIBIT B

State of Rhode Island
Department of Health
Board of Medical Licensure and Discipline



**IN THE MATTER OF:**
**Paul Bowary, MD**
**License No.: MD 17092**
**Case No.: C20-1404**

## VOLUNTARY AGREEMENT NOT TO PRACTICE MEDICINE

Paul Bowary, MD ("Respondent") is a physician licensed pursuant to R.I. Gen. Laws § 5-37-1 *et seq.* and holds license number MD17092. Respondent wishes to voluntarily agree not to practice medicine pending resolution of issues described below.

### FINDINGS OF FACT

1. Respondent is a physician, licensed to practice in Rhode Island under the above-referenced medical license.

2. Respondent has been licensed to practice as a physician in Rhode Island since April 28, 2020.

3. Respondent graduated from the American University of Beirut Faculty of Medicine in 2014.

4. Respondent completed his residency in psychiatry at Butler Hospital/Brown University on June 12, 2020. He is presently employed by Care New England Medical Group at Butler Hospital.

5. Respondent took the USMLE Step 3 Examination on April 8, 2018 and December 18, 2018. The USMLE Step 3 Examination is cosponsored by the National Board of Medical Examiners ("NBME") and the Federation of State Medical Boards ("FSMB").

6. Respondent has represented to the Board that he received an email dated July 8, 2019, the sender of which is identified as webmail@nbme.org,("NBME Email"), indicating that the score of Respondent's April 8, 2018 USMLE Step 3 Examination had been submitted to a recheck process, resulting in a passing score. Respondent further represented that attached to that email was a document entitled "United States Medical Licensing Examination Step 3 Score Report" ("USMLE Score Report") which reflected that passing score.

7. Respondent submitted a Uniform Application for Physician State Licensure ("Uniform Application") to the Board, which was received on February 12, 2020. Prior to submitting that Uniform Application, respondent had caused a portfolio of his credentials ("FCVS Credentials Portfolio") to be created and maintained by the Federation Credentials Verification Service ("FCVS"). The results of Respondent taking the USMLE Step 3 Examination were reported to FCVS by NBME and made part of his FCVS Credentials Portfolio. In connection with Respondent's submission of the Uniform Application, the Board was granted access to Respondent's FCVS Credentials Portfolio.

8. Respondent's FCVS Credentials Portfolio reflects that, as of the date of his submission of the Uniform Application, Respondent had twice taken the USMLE Step 3 Examination, most recently on December 28, 2018, but had failed the exam.

9. Pursuant to Section 1.5.4(B) of the rules and regulations for Licensure and Discipline of Physicians (216-RICR-40-05-1), as a precondition to licensure, applicants for licensure as a

physician in Rhode Island are required to pass the USMLE Step 3 Examination or other equivalent examination as determined by the Board.

10. On March 4, 2020, Respondent was contacted by a representative of the Board regarding the fact that his FCVS Credentials Portfolio indicated he had failed the USMLE Step 3 Examination.

11. On March 5, 2020, Respondent submitted to that representative of the Board copies of the NBME Email and the USMLE Score Report. On April 28, 2020, Respondent's counsel at the time also submitted a copy of the USMLE Step 3 Score Report to the Board. Based on the provided documents, the Board accepted that Respondent had passed USMLE Step 3 and Respondent was granted licensure by the Board on April 28, 2020.

12. Respondent represents that, separately, he immediately contacted NBME, inquiring why a failing grade for his USMLE Step 3 Examination had been reported to FCVS for his FCVS Credentials Profile in light of the fact that the July 8, 2019 NBME Email and attached USMLE Score Report indicated a recheck of the score on his April 8, 2018 USMLE Step 3 Examination had resulted in a passing score.

13. Respondent represents that on March 6, 2020, Respondent provided NBME and USMLE with copies of the July 8, 2019 NBME Email and attached USMLE Score Report. Respondent was informed that the Office of the USMLE Secretariat would investigate the matter.

14. On March 10, 2020, Respondent informed a representative of the Board that the Office of the USMLE Secretariat was investigating the matter.

15. Thereafter, Respondent, through counsel, self-reported to the Board a letter that he received from the Office of the USMLE Secretariat, dated September 23, 2020, informing Respondent that the USMLE Committee for Individualized Review ("CIR") had completed its review of the

investigation into Respondent's USMLE Step 3 Examination Score and concluded that the NBME Email and attached USMLE Step 3 Score Report were not accurate and authentic. As a result, Respondent's FCVS Credentials Portfolio would continue to reflect he had failed the USMLE Step 3 Examination.

16. Respondent denies and refutes the conclusions of the CIR in their entirety. Respondent represents that he is appealing the determination by the CIR and intends to provide evidence to the CIR and the Board proving the accuracy and authenticity of the NBME Email and attached USMLE Step 3 Score Report.

17. The Board and Respondent agree to Respondent not practicing medicine until the issues concerning his USMLE Step 3 Examination score can be resolved.

**Based on the foregoing, the parties agree as follows:**

1. Respondent admits to and agrees to remain under the jurisdiction of the Board.

2. Respondent has agreed to this Consent Order and understands that it is subject to final approval of the Board.

3. If this Consent Order is ratified by the Board, Respondent hereby acknowledges and waives with respect to this Consent Order:

a. The right to appear personally or by counsel or both before the Board;

b. The right to produce witnesses and evidence on his behalf at a hearing;

c. The right to cross examine witnesses;

d. The right to have subpoenas issued by the Board;

e. The right to further procedural steps except for those specifically contained herein;

f. Any and all rights of appeal of this Consent Order;

g. Any objection to the fact that this Consent Order will be presented to the Board for consideration and review; and

h. Any objection to the fact that this Consent Order will be reported to the National Practitioner Data Bank and Federation of State Medical Boards and posted to the Rhode Island Department of Health ("RIDOH") public website.

4. Respondent voluntarily agrees not to practice medicine until: (1) USMLE determines that Respondent has successfully passed the USMLE Step 3 Examination; or (2) Respondent notifies the Board in writing that he wishes to terminate this Consent Order and his agreement not to practice medicine, in which case Respondent will not return to practicing medicine until the seventh day following the date he submits that written notice to the Board.

5. If Respondent violates any term of this Consent Order after it is signed and ratified by all parties, the Director of RIDOH ("Director") shall have the discretion to impose disciplinary action pursuant to R.I. Gen. Laws §§ 5-37-5.1 through 5-37-6.3, including immediate suspension of his medical license pursuant to and as permitted by R.I. Gen. Laws §§ 5-37-8 and 42-35-14(c). If the Director imposes further disciplinary action, Respondent shall be given notice. Any further disciplinary action shall be in accordance with applicable law. In the absence of any statutory or regulatory provision to the contrary, Respondent shall have 20 days from the date of such further disciplinary action to request a hearing. In the event Respondent's license is summarily suspended, a hearing on such suspension shall be held within 10 days of the suspension, in accordance with applicable law. The Director shall also have the discretion to request an administrative hearing after notice to Respondent of a violation of any term of this Consent Order. The Board may suspend Respondent's license or impose further discipline as described above if any alleged violation is proven by a preponderance of evidence. Any administrative hearings,

whether initiated by the Director or the Respondent, shall be conducted in accordance with R.I. Gen.Laws §§ 5-37-5.1 through 5-37-6.3 and/or R.I.Gen.Laws §§ 5-37-8 and 42-35-14(c), the Rules and Regulations for the Licensure and Discipline of Physicians (216-RICR-40-05-1), the Rules and Regulations for Practices and Procedures Before the Rhode Island Department of Health (216-RICR-10-05-4), and applicable provisions of R.I. Gen. Laws Chapter 42-35, including § 42-35-9 through 42-35-13. Any discipline ultimately imposed pursuant to this paragraph is appealable pursuant to Rhode Island Gen. Laws §§ 5-37-37 et seq. and 42-35-15 et seq.

Signed this 14th day of October, 2020.

_____
Paul Bowary, MD

Ratified by the Board of Medical Licensure and Discipline on the 15 th day of October, 2020.

_____
Nicole Alexander-Scott, MD, MPH
Director
Rhode Island Department of Health
3 Capitol Hill, Room 401
Providence, RI 02908