UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL BOWARY, M.D.,

    Plaintiff,

v.

UNITED STATES MEDICAL LICENSING EXAMINATION, NATIONAL BOARD OF MEDICAL EXAMINERS, and THE FEDERATION OF STATE MEDICAL BOARDS OF THE UNITED STATES, INC.,

    Defendant.

Case No. 1:21-cv-00278-JJM-LDA

## DECLARATION OF AMY BUONO

1. My name is Amy Buono. I am the Director of Program Management in the Office of the USMLE Secretariat. Unless otherwise stated, I have personal knowledge of the facts stated below, based on my work in the Office of the USMLE Secretariat and my review of company records maintained in the ordinary course of business, as referenced below.

2. The United States Medical Licensing Examination ("USMLE") is a standardized examination used to evaluate applicants' competence for medical licensure in the United States and its territories. The USMLE is designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills, that constitute the basis of safe and effective patient care.

3. The USMLE program is a joint program of the National Board of Medical Examiners ("NBME") and the Federation of State Medical Boards of the U.S., Inc. ("FSMB").

4. NBME is a not-for-profit organization located in Philadelphia, Pennsylvania that provides assessment services for physicians and other health professions. Its mission is to help

protect the public through state-of-the-art assessment of the knowledge and skills of health professionals.

5. According to its website: FSMB is located in Euless, Texas, and has an office in Washington, D.C. The FSMB represents the state medical and osteopathic regulatory boards — commonly referred to as state medical boards — within the United States, its territories, and the District of Columbia. FSMB supports its member boards as they fulfill their mandate of protecting the public's health, safety, and welfare through the proper licensing, disciplining, and regulation of physicians and, in most jurisdictions, other health care professionals.

6. The USMLE Secretariat supports the USMLE program on behalf of NBME and FSMB. It also supports the USMLE Committee for Individualized Review and the USMLE Composite Committee.

7. Medical licensing authorities across the country rely upon the USMLE to help evaluate the qualifications of individuals seeking an initial license to practice medicine.

8. There are three "Steps" to the USMLE, all of which must be passed before an individual with an M.D. degree is eligible to apply for an unrestricted license to practice medicine in the United States. Step 1 is a one-day, multiple-choice examination that assesses understanding and application of basic science concepts important to the practice of medicine. Step 2 CK is a one-day, multiple-choice examination that assesses the application of medical knowledge, skills, and understanding of clinical science for the provision of patient care under supervision.[1] Step 3 is a two-day, multiple-choice examination that assesses whether examinees

---

[1] The USMLE previously included a Step 2 CS (Clinical Skills) component, which was suspended in May 2020 due to the COVID-19 pandemic and subsequently discontinued.

can apply medical knowledge and understanding of biomedical and clinical science essential for the unsupervised practice of medicine.

9. NBME and FSMB publish an annual Bulletin of Information for the USMLE that is applicable to individuals who register to take one of the USMLE exams during that calendar year. The 2018 Bulletin of Information applies to individuals who registered to take a USMLE exam in 2018. A true and correct copy of the 2018 Bulletin of Information is attached at <u>Exhibit A</u>. Individuals who registered to test in 2018 were informed that they "must become familiar with the information referenced in [the] *Bulletin*." Ex. A at 3. The Bulletin covers important topics including eligibility, examination day and testing, scoring and score reporting, and irregular behavior.

10. The Bulletin addresses the process by which the USMLE program will undertake a score recheck. As explained in the 2018 Bulletin:

> For all Steps and Step Components, a change in your score or in your pass/fail outcome based on a recheck is an extremely remote possibility. A rigorous process is used, including a double scoring method involving independent scoring systems, to ensure accurate results; to date, the score recheck process has not resulted in a score change. However, **a recheck will be performed if you submit a written request and service fee to your registration entity**. Your registration entity must receive the request no later than 90 days after your result was released to you.

Ex. A at 22 (emphasis added). FSMB is the registration entity for Step 3 of the USMLE (*i.e.*, the entity with which a candidate registers to take that particular Step exam).

11. The Bulletin also addresses what happens if the USMLE program learns that a candidate might have engaged in irregular behavior relating to one of his or her USMLE exams. The Bulletin explains that irregular behavior "includes any action by applicants, examinees, potential applicants, or others that could compromise the validity, integrity, or security of the USMLE examination process." Ex. A at 24. Examples of irregular behavior include altering or

153043449.1

misrepresenting examination scores or outcomes and failure to cooperate fully in any investigation of a violation of the USMLE rules. *See id.*

12. The Bulletin notifies candidates that the USMLE program will investigate suspected incidents of irregular behavior. It provides:

> If the USMLE program receives information suggesting that an individual has engaged in irregular behavior the USMLE program will conduct and investigation. ...
>
> If you are the subject of a USMLE investigation, you will be advised of the matter and will have an opportunity to provide information that you consider relevant. Individuals who are the subject of an investigation must cooperate fully with the investigation, including providing all requested documentation and answering truthfully all questions posed during investigative interviews conducted on behalf of the USMLE program. ... Failing to cooperate with an investigation or providing misleading or untruthful information in the course of an investigation will constitute irregular behavior that may be the basis of separate proceedings or other actions by the USMLE program.
>
> If it is determined that you engaged in irregular behavior, information regarding this determination will become part of your permanent USMLE history. Your score report (if applicable) and USMLE transcript will contain a notation of the finding of irregular behavior. The USMLE program will provide information about the irregular behavior to third parties that receive or have received your USMLE transcript and may also report to other legitimately interested entities, as determined by the USMLE program. You may be barred from taking future examination and/or special administrative procedures or conditions may be implemented for your future examinations. The USMLE program also reserves the right to take such action when information regarding irregular behavior on predecessor examinations suggests that such actions may be appropriate to ensure the security of the USMLE.

Ex. A at 25.

13. A true and correct copy of the United States Medical Licensing Examination (USMLE) Policies and Procedures Regarding Irregular Behavior ("Irregular Behavior Policies and Procedures") is attached at Exhibit B.

14. Paul Bowary, M.D. ("Dr. Bowary") took and passed Step 1, Step 2 CK, and Step 2 CS of the USMLE.

15. Dr. Bowary took Step 3 of the USMLE on April 8, 2018, and he failed the exam. The minimum passing score was 196, and Dr. Bowary received a score of 192. A true and correct copy of Dr. Bowary's score report for the April 8, 2018 Step 3 exam is attached at Exhibit C.

16. Dr. Bowary applied on May 2, 2018 to retake the Step 3 exam and sought to test between May 1, 2018 and July 31, 2018. He submitted a request on July 16, 2018 to extend his test eligibility through October 31, 2018. However, he ultimately did not test during this period. On October 30, 3018, Dr. Bowary emailed FSMB and requested that his application be terminated and his registration fees be refunded.

17. Dr. Bowary applied on November 20, 2018 to retake the Step 3 exam. He took the exam on December 28, 2018, but he again failed. The minimum passing score was 196, and Dr. Bowary received a score of 178.

18. Dr. Bowary applied on January 23, 2019 to take the Step 3 exam a third time and requested a testing eligibility period between February 1, 2019 and April 30, 2019. He submitted a request on April 22, 2019 to extend his test eligibility through July 31, 2019. However, he ultimately did not test during this period. Dr. Bowary sought a refund of his exam registration fees from FSMB on July 31, 2019. A true and correct copy of an email string related to his refund request email to FSMB, as provided to the USMLE Secretariat, is attached at Exhibit D.

19. On March 5, 2020, Dr. Bowary forwarded to NBME an email that he had sent to FSMB regarding his USMLE Step 3 score report for the Step 3 exam that he took on April 8, 2018. This email was then forwarded to the USMLE Secretariat for review. A true and correct copy of the March 5, 2020 email to FSMB as forwarded to NBME and then the USMLE Secretariat, with attachments, is attached at Exhibit E. In his March 5, 2020 email to FSMB, Dr.

Bowary stated: "I was in contact with NBME's Examinee Support Services last summer in re. to my Step 3 recording. They were very helpful at that time and assisted me in submitting that request directly via their secretariat office. I was eventually informed that I passed and received the score report I am attaching along with a copy of [an] email from NBME explaining the process. I never checked in with FSMB after that as what I understood from the email was that the process will be automatic. I was able to get refunded though for the attempt that I understood was voided or for the application that I eventually did not need as I received my updated score (please see attached)." Dr. Bowary attached to the email a copy of the purported email from NBME as well as a purported USMLE Step 3 score report, bearing his name and USMLE identification number, an exam date of April 8, 2018, and a passing score of 199. Dr. Bowary also attached payment summaries reflecting a refund of Step 3 application fees.

20.  Dr. Bowary sent a copy of his March 5, 2020 email to NBME to the Rhode Island Department of Health (RIDOH), including the attachments. RIDOH forwarded this email to the USMLE Secretariat on April 16, 2020. A true and correct copy of Dr. Bowary's email and attachments to RIDOH, as forwarded to the USMLE Secretariat, is attached at Exhibit F.

21.  By letter dated April 27, 2020, the USMLE Office of Secretariat informed Dr. Bowary that there was reason to believe that he may have engaged in irregular behavior by altering his Step 3 score report for his April 8, 2018 exam and presenting it to the FSMB, NBME, and the Rhode Island Department of Health ("RIDOH") as authentic, and that the matter would be reviewed by the USMLE Committee for Individualized Review ("CIR"). A true and correct copy of the April 27, 2020 letter to Dr. Bowary and the attachments and cover email is attached at Exhibit G.

22. Dr. Bowary, through counsel, provided a letter dated May 26, 2020 for consideration by the CIR. A true and correct copy of this letter (without attachments) is attached at Exhibit H.

23. On June 1, 2020, Dr. Bowary sent an email to the USMLE Secretariat, attaching a copy of his lawyer's May 26, 2020 letter. A true and correct copy of this email (part of an email string), without the attachment, is attached at Exhibit I.

24. Dr. Bowary's lawyer sent another letter for consideration by the CIR on June 26, 2020. A true and correct copy of that letter is attached at Exhibit J.

25. The materials attached at Exhibits H-J were provided to the CIR as Dr. Bowary's personal statement.

26. Dr. Bowary participated in an August 20, 2020 virtual hearing before the CIR, represented by counsel.

27. The CIR concluded that Dr. Bowary engaged in irregular behavior and found that the irregular behavior was sufficiently serious to warrant barring Dr. Bowary for a minimum of three years from registering for or taking a future administration of the USMLE Step 3 exam. After that time, Dr. Bowary may be able to retest if the USMLE program receives a request to allow him to sit for the examination from a U.S. medical licensing authority, after full disclosure of the events that led to imposition of the bar.

28. The USMLE Secretariat explained this decision to Dr. Bowary in a letter dated September 23, 2020. A true and correct copy of this letter with attachments and the transmittal email is attached at Exhibit K.

29. NBME staff prepared reports on the purported July 8, 2019 email and attached score report, and those reports were provided to the CIR to be considered along with the submissions made on Dr. Bowary's behalf. A true and correct copy of the "Report on Falsified Score Report for Paul Bowary" is attached at Exhibit L and a true and correct copy of the "Examinee Fraudulent Email Analysis — Proof of Concept" is attached at Exhibit M.

30. As explained to Dr. Bowary in the September 23, 2020 letter, he had the right to appeal the CIR decision to the USMLE Composite Committee by sending a request for appeal within thirty days. He was informed that, under USMLE policy, an examinee has the right to appeal a CIR decision if the individual involved has a reasonable basis to believe that the CIR did not act in compliance with applicable USMLE Policies and/or Procedures or that the decision of the CIR was clearly contrary to the weight of the evidence before it (although the practice at this time was to allow an appeal by any individual who requested one).

31. On October 21, 2020, the USMLE Secretariat received an email from a new attorney acting on Dr. Bowary's behalf, Dennis Grieco II. Mr. Grieco stated that he had recently been retained by Dr. Bowary to address the CIR's decision. Mr. Grieco indicated that he would be submitting a request for the CIR to reconsider the decision and an appeal of the decision to the USMLE Composite Committee. He asked for contact information for the request and appeal. A true and correct copy of Mr. Grieco's October 21, 2020 email is attached as part of an email string at Exhibit N.

32. After confirming that Dr. Bowary consented to the USMLE Secretariat communicating with Mr. Grieco on his behalf, the USMLE Secretariat responded to Mr. Grieco's message on October 21, 2020. A true and correct copy of this email is attached as part of the email string at Exhibit N. The email informed Mr. Grieco that:

153043449.1

> CIR decision appeals go before the USMLE Composite Committee. The next meeting of the USMLE Composite Committee is **February 10, 2021**. Personal appearances are not permitted before the Composite Committee. The decision of the Composite Committee is final.
>
> Please send your appeal letter and any other documents you wish the Committee to review in reference to your appeal to USMLESec@nbme.org no later than <u>**January 1, 2021**</u>.
>
> The USMLE Composite Committee will be presented with all the information that was made available to the CIR, details of the case decision, and the appeal letter submitted by you. The appeal procedure is discussed in Section B.(8) of the attached document, *USMLE Policies and Procedures re: Irregular Behavior*.

(Emphases in original).

33. Mr. Grieco acknowledged receipt of this email that same day. *See* Exhibit N.

34. On October 22, 2020, the USMLE Secretariat received a letter from Mr. Grieco on behalf of Dr. Bowary. A true and correct copy of the letter is attached at Exhibit O.

35. On November 10, 2020, the USMLE Secretariat sent Mr. Grieco documents from the file that was provided to the CIR for its review of Dr. Bowary's case. A true and correct copy of the transmittal emails and attachments is attached at Exhibit P (broken into Exhibits P-1, P-2, P-3, and P-4).

36. Neither Mr. Grieco nor Dr. Bowary submitted any additional documents or information to the USMLE Secretariat by the stated January 1, 2021 deadline, nor did they request an extension of the deadline before it passed. Instead, on February 9, 2021, at around 2:30 p.m., Mr. Grieco sent the USMLE Secretariat a letter and related exhibits, including an eighteen-page report from someone named Darren Hayes. A true and correct copy of this email without its attachments is attached at Exhibit Q.

37. Mr. Grieco sent a February 10, 2021 email, inquiring how the late submission "would be addressed." A true and correct copy of this email (without attachments) is attached at Exhibit R.

38. The USMLE Secretariat provides case files for the Composite Committee to review in advance of their scheduled meetings. For the February 10, 2021 meeting, case files were shared with the Committee on January 28, 2021. These files included material for eight CIR cases, including Dr. Bowary's.

39. A true and correct copy of the February 12, 2021 letter from the USMLE Secretariat providing the Composite Committee's decision and the transmittal email is attached at <u>Exhibit S</u>.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 16, 2021.

DocuSigned by:

*Amy Buono*

Amy Buono