## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAUL BOWARY, M.D. : | |
|     Plaintiff, : | |
| : | Civil Action No.: |
| VS. : | 1:21-CV-00278-JJM-LDA |
| : | |
| UNITED STATES MEDICAL LICENSING : | EXPEDITED RELIEF REQUESTED PER |
| EXAMINATION, NATIONAL BOARD OF : | D.R.I.L.R.CV. 9.  AS DETAILED HEREIN, |
| MEDICAL EXAMINERS, and THE : | PLAINTIFF CONTINUES TO SUFFER |
| FEDERATION OF STATE MEDICAL : | SIGNIFICANT IRREPARABLE HARM IF |
| BOARDS OF THE UNITED STATES, INC. : | REQUESTED RELIEF IS NOT GRANTED |
|     Defendants. : | EXPEDITIOUSLY. |

### PLAINTIFF'S MOTION FOR ENTRY OF ORDER
### REFLECTING THE COURT'S RULING ON
### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
### (EXPEDITED HEARING REQUESTED)

Plaintiff, Paul Bowary, M.D., hereby moves for entry of an Order in the form attached hereto as Exhibit A, reflecting the Court's ruling on Plaintiff's Motion for Preliminary Injunction ("Plaintiff's Motion").  Plaintiff's Motion was decided by the Court on August 30, 2021, at the conclusion of oral argument presented by the parties.  (See Exhibit B, Transcript of 8/30/21 Hearing at p. 35-48.)  In granting in part and denying in part Plaintiff's Motion, the Court issued a Preliminary Injunction requiring the Defendants to reconduct the hearing and procedures which previously resulted in the decision of the United States Medical Licensing Examination ("USMLE") Committee for Individualized Review's ("CIR"), set forth in a September 23, 2020 letter to the Plaintiff (the "CIR Decision"), and the February 12, 2021 decision of the USMLE Composite Committee denying Plaintiff's appeal of the CIR Decision, set forth in a February 12, 2021 letter to the Plaintiff.  (Exhibit B, Transcript of 8/30/21 Hearing, at p. 35, l. 19 through p. 36, l. 8, p. 44, l. 4-8, and p. 9, l. 20 through p. 10, l. 7.)  The Court also made specific findings in

support of the issuance of its Preliminary Injunction. (Transcript of 8/30/21 Hearing, at p. 26, l. 5-12, p. 36, l. 9-17, and p. 43, l. 24 through p. 44, l. 3.)

The Court directed the parties to attempt to agree upon and submit a form of Order reflecting its ruling.  Unfortunately, despite extensive efforts by the parties and the exchange of multiple drafts, the Parties have been unable to agree upon a form of Order reflecting the Court's ruling.  Plaintiff submits that the attached form of Order reflects the language upon which the parties were able to agree and accurately reflects the Court's findings and ruling with respect to the language upon which the parties were unable to agree.  Thus, the Plaintiff respectfully requests the Court enter the form of Order attached hereto as Exhibit A, recognizing that the Court may well choose its own language for the Order reflecting its ruling.

**I.     There Should Be No Page Limitation On The Materials Submitted By Plaintiff For Consideration By The CIR**

The parties have agreed to the language in the first two paragraphs of the attached form of Order, with two exceptions.  The final sentence of the second paragraph as drafted by Plaintiff reads: "In accordance with those procedures, Plaintiff may submit whatever material or information he would like to submit in support of his position, to be reviewed by the CIR along with any material or information provided by the Defendants' staff. "  (Exhibit A, Proposed Form of Order at 1-2.)  Defendants indicated they wanted to include language stating that any materials submitted by Plaintiff for review by the United States Medical Licensing Examination ("USMLE") Committee for Individualized Review ("CIR") would be "subject to any standard page limitations."  Nowhere in the United States Medical Licensing Examination (USMLE) Policies and Procedures Regarding Irregular Behavior (April 2018), the Defendants' own policy governing the process the Court ordered Defendants to follow, is there any limitation on the number of pages of material that may be submitted for review by the CIR.  (Exhibit B, USMLE Policies and

Procedures Regarding Irregular Behavior (April 2018).) To the contrary, that policy expressly states the "CIR will consider all available pertinent information in deciding whether an individual engaged in irregular behavior . . . ." Id. § B.5.  Further, Plaintiff is unaware of any other "standard page limitations" that would be applicable to the process and procedures ordered by the Court. Moreover, it is worth noting that the Defendants have not suggested that the Order in any way limit the quantity of material they may submit to the CIR for review.  For these reasons, no page limitations should be imposed upon materials the Plaintiff submits to the CIR for its review.

**II.     The CIR Should Be Required To Issue Its Decision By December 21, 2021**

The parties have agreed to the language in the first full paragraph on the page 2 of the attached form of Order, with two exceptions.  The language as drafted by the Plaintiff would require the CIR to issue its decision by December 21, one week after it rehears the Plaintiff's matter as ordered by the Court.  (Exhibit A, Proposed Form of Order at 2.) The Defendants requested language which would only require them to orally communicate that decision by that date, with a written letter to follow, consistent with the CIR's normal practice. For the reasons set forth in the papers Plaintiff submitted to the Court in support of his Motion for Preliminary Injunction and those stated at the hearing on that Motion, time is of the essence for the Plaintiff. The voluntary agreement not to practice medicine the Rhode Island Board of Medical Licensure and Discipline required the Plaintiff to enter and his inability to work and practice psychiatry since his termination by Butler Hospital on October 2, 2019 significantly and continuously harms him. (Memorandum in Support of Plaintiff's Motion for Preliminary Injunction at 36-37.)  Moreover, Plaintiff faces the very real possibility of deportation from the United States.  (Memorandum in Support of Plaintiff's Motion for Preliminary Injunction at 37-40; Reply Memorandum in Support of Plaintiff's Motion for Preliminary Injunction at 12-20.)   It was those very issues that prompted

the Court to find Plaintiff would suffer irreparable harm without its Preliminary Injunction, requiring the Defendants' CIR to rehear the matter. In an attempt to avoid the continuation of that harm, Plaintiff's counsel asked the court to set a timeframe within which the CIR hearing must occur. (Exhibit B, Transcript of 8/30/21 Hearing p. 46, l. 18-19.) The Court directed the Parties to try to reach an agreement on the date of the CIR hearing and returned to the Court if an agreement cannot be reached. Id. p. 47, l. 7-8. The Plaintiff has begrudgingly agreed to Defendants' suggested dates of December 13 and 14, 2021 for the CIR to rehear his matter at its next regular scheduled meeting. In light of the irreparable harm the Plaintiff continues to suffer, the exigencies of his circumstances and his concession to the CIR meeting dates suggested by Defendants, Defendant should be required to issue the resulting decision seven days after the CIR's meeting

The Plaintiff's initial draft of the form of Order forwarded to Defendants stated that the CIR hearing would be conducted on or before October 15, 2021, 45 days from August 30, 2021 when the Court ruled that the CIR must rehear the matter. Nonetheless, the Defendants indicated that the next, regularly scheduled meeting of the CIR is on December 13 and 14, 2021 and that it would be difficult to schedule the rehearing of the Plaintiff's matter earlier. In an attempt to accommodate the members of the CIR, whom Defendant indicated are located across the country, Plaintiff acceded to the December 13 and 14 dates. Given that concession and the continued harm Plaintiff suffers as time progresses, requiring Defendants to issue a written decision within seven days of the CIR's hearing is eminently reasonable and should be required.

**III.     Defendants Should Be Required To Disclose To Plaintiff, By November 1, 2021, The Information They Will Submit To The CIR**

The other revision Defendants proposed to the first full paragraph of the page 2 of the attached form of Order related to the dates by which the parties agreed to exchange information

4

that would be submitted to the CIR.  The language proposed by Plaintiff in the attached form of Order would require Defendants to provide such information to Plaintiff by November 1, 2021, more than 60 days from the Court's granting of a Preliminary Injunction requiring Defendants' CIR to rehear the Plaintiff's matter.  (Exhibit A, Proposed Form of Order at 2.)   That language further requires Plaintiff to submit material for the CIR's review by November 22, 2021, three weeks after the Defendants' disclosure and three weeks prior to the CIR hearing.  Id.  Defendants propose that they disclose their information on November 15, 2021, while Plaintiff would still be required to disclose his information by November 22, 2021, just one week later.

As recognized by the Court, § B.4 of the USMLE Policies and Procedures Regarding Irregular Behavior requires Defendants to provide Plaintiff with the "relevant findings of [their] investigation," so that the Plaintiff "will be given an opportunity to provide an explanation for the facts described in the findings and to present other relevant information."  Exhibit C, USMLE Policies and Procedures Regarding Irregular Behaviors § B.4.)  One week is simply insufficient and unreasonable for Dr. Bowary, his counsel and most importantly, his forensic IT expert, Dr. Darren Hayes, to review, analyze and have an opportunity to present relevant information in response to information disclosed by Defendants.  The Defendants have had since the Court's ruling on August 30, 2021 to gather and prepare the information they may submit to the CIR.  Providing the Plaintiff with just three weeks to respond to that information pales in comparison to the time the Defendants have had prepared the information.  However, Plaintiff is willing to address Defendants' information expeditiously and submit responsive information by November 22, 2021 in order to ensure the matter can be heard on December 13 and 14, 2021.  The time within which he must respond to Defendants' information should not be limited any further.

5

**IV.    The court's finding of plaintiff a sphere's likelihood of success of showing the defendants breached their own policy should be included in the order reflecting the Court's ruling**

The Parties have agreed to the language in the second full paragraph on page 2 of the attached form of Order, except that Defendants do not wish to include the phrase "violating USMLE Policies and Procedures Regarding Irregular Behavior § B.4 when they failed" or the language in footnote 1, describing what that section of the USMLE policy required. (Exhibit A, Proposed Form of Order at 2.)  In essence, Defendants wish to omit any reference to their violation of their own policies.  However, the Court expressly stated more than once that the Plaintiff had a likelihood of success on the merits of his breach of contract claim, because the Defendants violated their own policies and specifically referenced those policies in finding that "there's a likelihood of success in the Court's opinion that the Defendant[s] breached the contract as to the policies and procedures . . . ." (Exhibit B, Transcript of 8/30/21 Hearing, at p. 26, l. 8-9, p. 36, l. 9-13, and p. 43, l. 24 through p. 44, l. 3.)  Thus, that express finding by the Court should be in the Order setting forth the Court's ruling.

**V.    The Court's Finding Of Irreparable Harm Should Be Described As Suggested By Plaintiff**

The parties have agreed to the language in the first full paragraph on the page 3 of the attached form of Order, with one exception.  The language proposed by Plaintiff in that paragraph references irreparable harm because of his "medical licensure status and his potential deportation." (Exhibit A, Proposed Form of Order at 3.)  Defendants have pointed out that the Court stated "that irreparable harm will come to [Plaintiff] without affording him the proper procedure by way of his continued <u>lack of license</u> and his potential deportation . . . ." (Exhibit B, Transcript of 8/30/21 Hearing, at p. 36, l. 13-16 (underlining added).)  As explained in the Memorandum in Support of Plaintiff's Motion for Preliminary Injunction, it is not that Dr. Bowary lacks a medical license.

Instead, after having been granted a medical license, the Rhode Island Board of Medical Licensure and Discipline insisted Dr. Bowary enter into a voluntary agreement not to practice medicine, while the issues raised by the CIR Decision were resolved. (Memorandum in Support of Plaintiff's Motion for Preliminary Injunction at 11.) Thus, Plaintiff would suggest that the form of Order should more accurately refer to his "medical licensure status," rather than incorrectly stating he lacks a medical license.

VI. **The Order Should Include The Language Suggested By Plaintiff Concerning The Court's Intention He Remain In The United States During The Pendency Of The Proceedings In Which She Is Involved**

The parties agreed to all of the language in the second full paragraph on page 3 of the attached form of Order, except that Defendants object to including the final sentence in that paragraph which states: "[i]t is the Court's further intention to issue any subsequent rulings as may become necessary to ensure Plaintiff's continued presence and ability to work in the United States during the pendency of these proceedings." (Exhibit A, Proposed Form of Order at 3.) That sentence follows the statement that" [i]n addition, although the Court cannot order federal agencies that are not before the Court to refrain from deporting Plaintiff, it is the Court's intent that Plaintiff should be allowed to remain in the United States during the pendency of the above captioned matter, so that he may work and assist in the presentation of his case, and, if applicable, during the pendency of proceedings pertaining to the medical license issued to Plaintiff by the Rhode Island Department of Health." Id.  The Plaintiff has suggested the inclusion of both of those sentences in the form of Order, because the Court instructed Plaintiff's counsel in this litigation and his immigration counsel attending the August 30, 2021 hearing to draft language in the Order reflecting the Court's intent that the Plaintiff not be deported during the pendency of this litigation, so that he may work and assist in the presentation of this case, and during any proceedings

7

pertaining to his medical license.  (Exhibit B, Transcript of 8/30/21 Hearing, at p. 37, l. 4 through p. 38, l. 18.)  The Court specifically indicated that it was "going to put it on [Plaintiff's counsel and Plaintiff's immigration counsel] to draft what's appropriate" and "come up with language that will assist [Plaintiff's immigration counsel] in stopping anything being done because Dr. Bowary should be allowed to stay in this country while his rights are being adjudicated in the medical licensure piece."   (Exhibit B, Transcript of 8/30/21 Hearing, at p. 38, l. 10-18.)  The second full paragraph on page 3 of the attached form of Order is just that, language <u>drafted by Plaintiff's immigration counsel</u> that will potentially assist her in communicating with the United States Citizenship and Immigration Services ("USCIS") and seeking to prevent Plaintiff's deportation, while expressly recognizing that it is not legally binding on any federal agencies who are not presently before the Court.  Thus, Plaintiff suggests that that language should be present in the Court's Order.

**VII.    The Plaintiff Should Be Permitted To Request An Expedited Rehearing By The CIR Committee If His Immigration Circumstances Change Or If He Is Unable To Resume Working**

The parties have agreed to the language in the final paragraph on page 3 of the attached form of Order, with two exceptions.  Plaintiff suggests that the Order be without prejudice to him seeking further relief with respect to the date of the CIR proceedings "should Plaintiff's immigration status or circumstances change or should Plaintiff be unable to resume working before the scheduled date of the CIR proceedings."  (Exhibit A, Proposed Form of Order at 3.) The Defendant has indicated that the Plaintiff's ability to seek further relief concerning the date of the CIR proceedings should be limited to a change in his immigration status.  Plaintiff should be able to request such relief if there is some change to his immigration circumstances as well as his immigration status.

Immigration status could be interpreted to be limited to a change in Plaintiff's current, lawful status to remain in the country. However, as detailed in the Reply Memorandum in Support of Plaintiff's Motion for Preliminary Injunction and attached affidavit of attorney Susan Douglas Taylor, Plaintiff's immigration counsel, once the United States Citizenship and Immigration Services ("USCIS") issues a Request for Evidence to Plaintiff, he will have 87 days to produce evidence that he is has the necessary state medical license that will permit him to immediately engage in employment as a physician, and if he is unable to do so, his petition for extension of his H-1B visa status will likely be denied and he will no longer be lawfully permitted to remain in the United States. (Reply Memorandum in Support of Plaintiff's Motion for Preliminary Injunction at 13-15.) Such a request would therefore necessitate expediting the USMLE hearing process ordered by the Court, so that Plaintiff might resolve his issues with the USMLE that are negatively impacting his medical licensure status and sufficient time to satisfy the USCIS's Request for Evidence. Such a request may not be interpreted as a change in Plaintiff's immigration status but certainly would be a change in his immigration circumstances that would warrant permitting him to seek further relief from the Court to expedite the USMLE process. For that reason, the Order should reflect that the Plaintiff can request that relief from the Court if there is a change in his immigration status <u>or</u> his immigration circumstances.

Plaintiff should be able to request the same relief from the Court if he is unable to resume working before the CIR Committee rehear his matter on December 13 and 14, 2021. As detailed above, Plaintiff's inability to work and practice psychiatry since his October 2, 2019 termination by Butler Hospital significantly and continuously harms him. (Memorandum in Support of Plaintiff's Motion for Preliminary Injunction at 36-37.) In addition to the significant harm to his career and professional development, the Plaintiff's inability to work has literally prohibited him

9

from earning any income since October 2, 2019. That is why the Plaintiff's initial draft of the form of Order forwarded to Defendants stated that the CIR hearing would be conducted on or before October 15, 2021, 45 days from August 30, 2021 when the Court ruled that the CIR must rehear the matter. However, to accommodate the members of the CIR, whom Defendant indicated are located across the country, Plaintiff acceded to the rehearing being conducted on December 13 and 14, dates the Defendant indicated were the next regularly scheduled meeting of the CIR committee. Plaintiff is hopeful he can recommence working and earning income prior to December 13 and 14. However, if he cannot, in light of his agreement to Defendants' desire to conduct the rehearing at the CIR Committee's next, regular scheduled meeting on December 13 and 14, it is eminently reasonable permit the Plaintiff to at least seek an earlier rehearing date from the Court if he is unable to resume working before those dates. That is particularly true, given that the Court specifically stated it was its intent that the Plaintiff be "able to work" while he remained in the United States. (Exhibit B, Transcript of 8/31/21 Hearing, p. 38, l. 4-7.)

**VIII.    The Court Never Ruled That This Litigation Should Be Stayed And Therefore, The Preliminary Injunction Order Should Not State That It Is Stayed**

The attached form of Order appropriately makes no reference to the present litigation being stayed, as the Court never ruled that the action should be stayed. The Defendants have indicated that the Order should state the action is stayed.

It is true that there was discussion about whether the matter should be stayed during the August 30, 2021 hearing, and the Court offered a myriad of thoughts on the matter, e.g., "so we should keep the case open" (Exhibit B, Transcript of 8/30/21 Hearing, p. 40, l. 15), "we could dismiss the case and then allow it to be refiled" id. p. 40, l. 17-18, and "there's a lot of reasons it could be stayed" id. p. 42, l. 10-11. However, in response to the Court's thoughts about the continued status of the case, Plaintiff's counsel objected to dismissing or staying the case. Id. p.

10

42, l. 10-11.  In doing so, Plaintiff's counsel pointed out to the Court that the Plaintiff had pled a number of other claims and demanded additional relief, beyond his claim for breach of contract upon which the Court issued its Preliminary Injunction.  Plaintiff's counsel demonstrated that the pendency, progress and potential result of those other claims and demands for relief, including damages, were in no way dependent upon the results of the USMLE's rehearing of Plaintiff's matter, as ordered by the Court.  Id. p. 42, l. 1-8, p. 42, l. 16 through p. 43, l. 3.  Thereafter, the Court did not further address staying the present action, much less rule that it should be stayed.  Id. p. 43, l. 8 through p. 48, l. 17.  Accordingly, the Court did not rule that this litigation be stayed and the Order granting a Primary Injunction should not indicate it is.

## CONCLUSION

WHEREFORE, the Plaintiff's Motion for Entry of An Order Reflecting The Court's Ruling on Plaintiff's Motion for Preliminary Injunction should be granted.  Plaintiff respectfully requests that the form of Order attached hereto be considered for entry by the Court.

## EXPEDITED HEARING REQUESTED

Pursuant to D.R.I.L.R.Cv. 7(c), Plaintiff requests a hearing for oral argument on this Motion for Preliminary Injunction.  It is estimated that approximately one hour will be required for that hearing.  Per Judge McConnell's instructions at the chambers conference held on July 8, 2021, Plaintiff's counsel and Defendants' counsel will confer, seek an agreement on a schedule for briefing with respect to this Motion, taking into account the expedited relief sought by Plaintiff, and submit a stipulation reflecting any agreement reached.  In the event agreement cannot be

reached on a briefing schedule, Plaintiff requests that this Motion be heard on an expedited basis per his above request for expedited relief pursuant to D.R.I.L.R.Cv. 9.

                    Plaintiff,
                    Paul Bowary, M.D.
                    By his attorneys,

                    /s/ Dennis T. Grieco II
                    _____
                    Dennis T. Grieco II  #5057
                    GRIECO LAW
                    70 Jefferson Boulevard, Suite 301
                    Warwick, RI  02888
                    Tel: (401) 432-7400 / Fax: (401) 461-4107
                    DGrieco@grieco-law.com

## **CERTIFICATE OF SERVICE**

I certify that on October 13, 2021, a copy of the foregoing document was electronically filed through the Court's CM/ECF system and sent electronically via email to the person(s) listed below:

Stacey Nakasian, Esq. (#5069)
Robert M. Duffy, Esq.  (#4428)
Duffy & Sweeney, Ltd.
321 South Main Street, Suite 400
Providence, RI  02903
SNakasian@duffysweeney.com
RDuffy@duffysweeney.com

Robert A. Burgoyne, Esq. *(Pro Hac Vice)*
Caroline M. Mew, Esq. *(Pro Hac Vice)*
Perkins Coie LLP
700 13th Street, N.W., Ste 800
Washington, DC  20005
RBurgoyne@perkinscoie.com
CMew@perkinscoie.com

The document electronically filed and served is available for viewing and downloading from the Court's ECF system.

                                        /s/ Kimberley M. Woodward