**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| PAUL BOWARY, M.D. : | |
|     *Plaintiff*, : | |
| : | Civil Action No.: |
| VS. : | 1:21-CV-00278-JJM-LDA |
| : | |
| UNITED STATES MEDICAL LICENSING : | |
| EXAMINATION, NATIONAL BOARD OF : | |
| MEDICAL EXAMINERS, and THE : | |
| FEDERATION OF STATE MEDICAL : | |
| BOARDS OF THE UNITED STATES, INC. : | |
|     *Defendants*. : | |

## PRELIMINARY INJUNCTION

On August 30, 2021, this matter was heard on Plaintiff Paul Bowary, M.D.'s, Motion for Preliminary Injunction. After briefing and oral argument by the parties, it is hereby ordered that Plaintiff's Motion for Preliminary Injunction is granted in part and denied in part, and the Defendants are enjoined as described below.

The February 12, 2021 decision of the United States Medical Licensing Examination ("USMLE") Composite Committee, set forth in a February 12, 2021 letter to the Plaintiff, denying Plaintiff's appeal of the decision of the USMLE's Committee for Individualized Review's ("CIR"), set forth in a September 23, 2020 letter to the Plaintiff (the "CIR Decision"), is vacated. The CIR Decision is also vacated, and the Defendants are required to conduct a new CIR proceeding in which Plaintiff is provided with all the procedures set forth in the *USMLE Policies and Procedures Regarding Irregular Behavior* (April 2018), including but not limited to a hearing before the CIR and the right to pursue an appeal to the Composite Committee from any decision of the CIR. In accordance with those procedures, Plaintiff may submit whatever material or information he would like to submit in support of his position, to be reviewed by the CIR along

1

with any material or information provided by the Defendants' staff.  (Transcript of 8/30/21 Hearing, at p. 35, l. 19 through p. 36, l. 8, p. 44, l. 4-8, and p. 9, l. 20 through p. 10, l. 7.)

Plaintiff's hearing before the CIR shall be included among the cases that are heard by the CIR at its next meeting, which is scheduled for December 13 and 14, 2021. The CIR shall issue its written decision to Plaintiff by 5:00 p.m. on December 21, 2021.  Any material that Defendants' staff intends to submit to the CIR for its review shall be provided to Plaintiff by November 1, 2021. Any material that Plaintiff wants to submit for the CIR's review shall be submitted by November 22, 2021. In all other respects, Plaintiff's motion for a preliminary injunction is denied.  (Transcript of 8/30/21 Hearing at p. 36, l.  18-19.)

The Court finds that Plaintiff has demonstrated a likelihood of success on the merits of his claim that Defendants breached their contract with Plaintiff by violating *USMLE Policies and Procedures Regarding Irregular Behavior* § B.4[1] when they failed to include material information in their April 27, 2020 letter to Plaintiff, regarding the analysis done by NBME staff of the email message and attached score report that Plaintiff asserts that he received from NBME. (Transcript of 8/30/21 Hearing, at p. 26, l. 5-12, p. 36, l. 9-13, and p. 43, l. 24 through p. 44, l. 3.)

The Court further finds that Plaintiff will suffer irreparable harm unless this Preliminary Injunction is issued, because of his medical licensure status and his potential deportation. (Transcript of 8/30/21 Hearing, at p. 36, l.  13-16.)  Finally, the Court finds that the equities balance in favor of affording Plaintiff proper procedure as provided in the USMLE Policies and Procedures Regarding Irregular Behavior.  (Transcript of 8/30/21 Hearing, at p. 36, l. 16-17.)

---

[1] *USMLE Policies and Procedures Regarding Irregular Behavior* § B.4 required Plaintiff be provided with the relevant findings of Defendants' investigation, in order to permit Plaintiff to provide an explanation of the facts described in those findings and to present other relevant information.

In addition, although the Court cannot order federal agencies that are not before the Court to refrain from deporting Plaintiff, it is the Court's intent that Plaintiff should be allowed to remain in the United States during the pendency of the above captioned matter, so that he may work and assist in the presentation of his case, and, if applicable, during the pendency of proceedings pertaining to the medical license issued to Plaintiff by the Rhode Island Department of Health. It is the Court's further intention to issue any subsequent rulings as may become necessary to ensure Plaintiff's continued presence and ability to work in the United States during the pendency of these proceedings. (Transcript of 8/30/21 Hearing, at p. 37, l. 4 through p. 38, l. 18.)

This Order is without prejudice to Plaintiff seeking further relief with respect to the date of the CIR proceedings, and without prejudice to the Defendants' right to oppose any such relief, should Plaintiff's immigration status or circumstances change or should Plaintiff be unable to resume working before the scheduled date of the CIR proceedings.

SO ORDERED this _____ day of _____, 2021

_____
Chief Judge John J. McConnell, Jr.