UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAUL BOWARY, M.D., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES MEDICAL LICENSING EXAMINATION, NATIONAL BOARD OF MEDICAL EXAMINERS, and THE FEDERATION OF STATE MEDICAL BOARDS OF THE UNITED STATES, INC., <br><br> Defendant. | Case No. 1:21-cv-00278-JJM-LDA |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ENTRY OF HIS
<u>PROPOSED PRELIMINARY INJUNCTION ORDER</u>**

During a hearing held on August 30, 2021, the Court partially granted plaintiff Paul Bowary's expedited motion for a preliminary injunction and asked Dr. Bowary's counsel to draft the preliminary injunction order "in consultation with the Defendants." (Tr. of Aug. 30, 2021 Hearing at 35). Three weeks later, on September 21, 2021, Defendants' counsel received an initial draft of the proposed order.

The parties subsequently exchanged revised drafts of the proposed order. On October 13, 2021, while emails were still being exchanged regarding the order's content, Dr. Bowary filed a motion seeking expedited relief under Local Rule 9, asking the Court to enter the proposed order that is attached to his motion as Exhibit A. *See* Dkt. 22. On October 14, 2021, the Court directed Defendants to file their proposed order by October 18, 2021. In accordance with that directive, Defendants attach as <u>Exhibit 1</u> Defendants' proposed Preliminary Injunction order.

The parties' respective orders are identical in most but not all respects. For the Court's convenience, Defendants have attached as **Exhibit 2** a copy of their proposed order that shows, by way of highlighting, all identical language in the proposed orders and provides comments that explain the instances in which Defendants' proposed order differs from Plaintiff's.

The discussion that follows briefly responds to the discussion in Dr. Bowary's motion for entry of his proposed order.

## I. Dr. Bowary Should be Subject to the Same Page Limits for His Submission to the CIR as Other Examinees Appearing Before the CIR

Dr. Bowary says that he should not be subject to any page limitation for the materials that he submits to the CIR. *See* Motion at 2 (Dkt. 22). While he is correct that no page limit is set forth in the *USMLE Policies and Procedures Regarding Irregular Behavior* (April 2018), *see id.*, a page limit is contained in a document titled *Committee for Individualized Review Personal Statement Submission Guidelines*. This document states, among other things, that an examinee's submission "[m]ust not exceed 50 pages, including a cover letter, supporting documentation, and section dividers." *Guidelines* at 1 (Exhibit 3 hereto).

Dr. Bowary should be subject to the same submission guidelines as other examinees who are the subject of irregularity proceedings. He will receive the *Guidelines* with a letter that confirms his hearing date and the date by which he must submit his materials for CIR review.

## II. Dr. Bowary's Proposed Date by Which the CIR Must Provide its Written Decision is Unreasonable

Written CIR decisions are ordinarily sent to candidates four to six weeks after a CIR hearing. Dr. Bowary's proposed order would require that the CIR decision be communicated to Dr. Bowary by December 21, which is only a week after the CIR meeting. This is not reasonable.

CIR decision letters provide a fairly detailed discussion of the examinee's case and of the decision reached by the CIR.  Preparation of the letter in a given case might include reviewing a hearing transcript, which means that time must be allotted for preparation of the transcript.  The letters need to be accurate, because they may be shared with third parties if an examinee is found to have engaged in irregular behavior.  *See USMLE Policies and Procedures Regarding Irregular Behavior* ¶ A.2 (attached as Ex. C to Dr. Bowary's Motion, Dkt. 22).

Defendants' proposed order requires the USMLE Secretariat to notify Dr. Bowary orally of the CIR's decision within three days of the CIR meetings, and to provide a written opinion within three weeks thereafter.  This compressed schedule -- which will require expedited actions by Defendants' staff, concurrent with the December holidays -- will result in Dr. Bowary receiving his written decision much sooner than decisions are ordinarily provided.  Moreover, his claimed need for an expedited CIR decision ignores the fact that the CIR decision is not the final step in the internal review process.  If the CIR again finds that he engaged in irregular behavior, Dr. Bowary presumably will again appeal that decision to the USMLE Composite Committee (as he would be permitted to do in accordance with the Court's preliminary injunction).  That means that he will not have a *final* administrative decision by year end if the CIR finds that he engaged in irregular behavior regardless of when he receives his written CIR decision (because of his presumed appeal).  And if the CIR finds no irregular behavior, he would receive that decision orally by December 17, 2021 under Defendants' proposed order.

### III. Dr. Bowary's Proposed Schedule for Submitting Materials for CIR Review is Unreasonable

Dr. Bowary's proposed order sets a deadline of November 1, 2021 for Defendants to provide him with the materials that Defendants' staff intends to submit to the CIR for its

consideration, and it would give Dr. Bowary three weeks after that date to submit his materials, with a deadline of November 22, 2021.

According to Dr. Bowary, "Defendants propose that they disclose their information on November 15, 2021," while he would "be required to disclose his information by November 22, 2021, just one week later." Motion at 5 (Dkt. 22). While this accurately describes the dates proposed by Defendants in an October 12 draft, it is not the schedule that Defendants' counsel proposed on October 13 (before Dr. Bowary filed his motion).  Under that schedule, and as proposed to Dr. Bowary in an email to his counsel, "Defendants' staff must submit their materials to Dr. Bowary by November 15, 2021, and Dr. Bowary will have until November 29, 2021 to submit his materials."  This is the schedule proposed in **Exhibit 1** hereto.

Dr. Bowary's proposed schedule significantly disadvantages Defendants, who have been ordered to rehear his case and to consider for the first time the report of his proferred expert, Dr. Hayes.  Evaluation of that "expert report" entails additional work and investigation by Defendants' staff.  In contrast, Dr. Bowary's written materials have already been prepared for the most part.  His position during the rehearing will be anchored by the report of Dr. Hayes, which has already been prepared.  He will presumably also submit a personal statement as well as argument by his counsel, which have also already been prepared.  The personal statement and attorney letter he submitted previously might be modified in certain respects, but presumably they will track what he submitted before.  And he has already received the staff analyses of the email and revised score report that he purports to have received from NBME.  These are the documents that he says he should have received before the initial CIR hearing so that he could address them in his CIR submission, and they are addressed in the report that Dr. Hayes has

already prepared. Dr. Bowary does not need three weeks to respond to any new material that he receives from Defendants' staff.

### IV. The Preliminary Injunction Order Should Include Language Staying the Case, Consistent with the Court's Discussion of that Issue During the Hearing

After announcing its ruling during the preliminary injunction hearing, the Court stated that it would place this case in abeyance while Defendants conduct a new CIR hearing for Dr. Bowary and, if applicable, a new appeal before the Composite Committee, similar to what the Court does in arbitration cases where the case is held in abeyance until the arbitration proceedings conclude and "the parties notify [the Court] whether further action is needed." Tr. of Aug. 30, 2021 hearing at 41. Dr. Bowary's counsel argued against "holding [the case] in abeyance," *id*. at 41-42, but the Court rejected those arguments, saying that there are a number of reasons that warrant staying the case: "I think for judicial economy and for the economies of the parties, until the procedural aspect of this is resolved in a fashion that's appropriate, it would waste [the] parties' and judicial time to do anything other than stay the remaining [proceedings] until this procedure [concludes]." *Id*. at 42. Dr. Bowary's counsel made additional arguments, *id*. at 42-46, but ultimately said, "I respect your Honor's decision." *id.* at 46.

Consistent with the Court's statement that it would hold the court case in abeyance while Defendants rehear Dr. Bowary's case, Defendants' proposed order includes a statement that the case is stayed pending further order of the Court. Dr. Bowary's proposed order omits this statement, based upon his assertion that the Court "never ruled that the action should be stayed." Motion at 10-11 (Dkt. 22).

Defendants respectfully disagree with this interpretation of the Court's comments at the hearing. The Court informed the parties that it would hold the case in abeyance while Dr. Bowary's case is reheard, and it rejected arguments by Dr. Bowary's counsel that the Court

should not proceed in that manner.  True, the Court did not say "I hereby stay this action," but holding a case in abeyance is tantamount to staying the case.

To avoid further debate on what the Court meant when it said it would hold the case in abeyance, the preliminary injunction order should expressly state that the case is stayed pending further order of the Court (or pending the conclusion of Dr. Bowary's proceedings before the CIR and, if applicable, the USMLE Composite Committee).

## V.     The Other Arguments Made in Dr. Bowary's Motion Regarding His Proposed Order Are Addressed in <u>Exhibit 2</u> Hereto

Dr. Bowary's motion also discusses his desire to include language in the order that expands upon the reasoning provided by the Court at the preliminary injunction hearing (Motion at 6, § 4); language that alters the findings given by the Court at the hearing regarding Dr. Bowary's risk of irreparable harm (Motion at 6-7, § 5); language stating that the Court intends to enter additional orders if necessary to prevent Dr. Bowary from being deported during the pendency of this case, even though the Court made no such statement regarding the entry of additional orders during the preliminary injunction hearing and in fact made clear -- again -- that it has no authority to restrain government agencies that are not parties to this case from deporting Dr. Bowary (Motion at 7-8, § 6); and language that reserves Dr. Bowary's right to request that the Court change the CIR hearing date provided in the preliminary injunction order if his immigration "circumstances" (rather than his "immigration status" change), or if is "unable to resume working" (Motion at 8-10, § 7) (a request that, if granted, would upend the sequencing of multiple events that is provided for in both proposed orders).  Rather than addressing these points here, Defendants refer the Court to the comments provided in **<u>Exhibit 2</u>** hereto, which explain why the language proposed by Dr. Bowary should not be included in the Court's preliminary injunction order.

## CONCLUSION

The Court should enter the Order attached hereto as **Exhibit 1**.

Dated:  October 18, 2021.                                    Respectfully submitted,

   /s Stacey Nakasian_____
Stacey Nakasian (Bar No. 5069)
snakasian@duffysweeney.com
Duffy & Sweeney, Ltd.
321 South Main Street, Suite 400
Providence, RI 02903-7109
Telephone:  401-455-0700
Facsimile:   401-455-0701

Robert A. Burgoyne - *pro hac vice*
RBurgoyne@perkinscoie.com
Caroline M. Mew - *pro hac vice*
CMew@perkinscoie.com
Perkins Coie LLP
700 13th St., N.W., Suite 800
Washington, DC 20005-3960
Telephone: 202-654-6200
Facsimile:  202-654-6211

Attorneys for Defendants NBME and FSMB

## CERTIFICATE OF SERVICE

I certify that on October 18, 2021, I electronically e-filed the foregoing document(s) and that they are available for viewing and downloading from the Court' s CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Stacey Nakasian_____