UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAUL BOWARY, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MEDICAL LICENSING EXAMINATION, NATIONAL BOARD OF MEDICAL EXAMINERS, and THE FEDERATION OF STATE MEDICAL BOARDS OF THE UNITED STATES, INC.,<br><br>Defendants. | Case No. 1:21-cv-00278-JJM-LDA |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO VACATE THE COURT'S PRELIMINARY INJUNCTION OF AUGUST 30, 2021**

Plaintiff, Paul Bowary, M.D., through his new counsel, vigorously opposes the motion of Defendants National Board of Medical Examiners ("NMBE") and the Federation of State Medical Boards ("FSMB") to vacate the preliminary injunction order issued by the Court on August 30, 2021 (the "August 30 Oral Orders").[1]

Vacating the August 30 Oral Orders would expose Dr. Bowary to the same harm that this Court stated, on August 30, 2021, it wanted to prevent. As shown below, if the Preliminary Injunction is vacated, Dr. Bowary's Rhode Island medical license – and his current employment - will be at significant risk. [REDACTED].

[1] Plaintiff is simultaneously moving for the expedited entry of a written Order: (1) confirming the August 30, 2021; and (2) reflecting the parties' agreement to postpone the December 14, 2021 CIR hearing to a yet-to-be-agreed on date. *See* Plaintiff's Second Motion For The Immediate Entry Of Order Reflecting The Court's Rulings On Plaintiffs' Motion For Preliminary Injunction.

[REDACTED] *See* Second Affidavit of Susan Douglas Taylor ("Second Taylor Aff.") (Exhibit A attached hereto).

This Court held on August 30, 2021 that "Dr. Bowary is entitled to a redo." *See* Transcript of August 30, 2021 Hearing ("Aug. 30 Tr.") at p. 44, lines 3. The Court was also clear "that irreparable harm will come to him without affording him the proper procedure by way of his continued lack of a license and his potential deportation and that the equities balance in favor of giving him proper procedure." Aug. 30 Tr. at p. 36, lines 13-17.

That Dr. Bowary subsequently learned that he had passed an alternative medical examination (notice of which he only received in September 2021) changes nothing because a passing grade on that examination did not automatically entitle Dr. Bowary to a Rhode Island medical license. Nor did it allow his New Employer to let him begin work. [REDACTED] *See* Second Taylor Aff., ¶¶ 25.

Moreover, the irreparable harm to Dr. Bowary has hardly been diminished by the fact that the Rhode Island Department of Health ("RI DOH"), in a Consent Order dated October 19, 2021, allowed Dr. Bowary to practice medicine in Rhode Island on a conditional basis. As shown by the Consent Order, which it attached as Exhibit A to the Defendants' Motion To Vacate, the license to practice medicine issued by RI DOH is subject to significant administrative conditions. Even if the Consent Order gave Dr. Bowary an unrestricted medical license -which it does not - vacating the Court's August 30 Oral Orders would almost certainly trigger one of the conditions in the Consent Order, thereby causing Dr. Bowary's license to be revoked or suspended.

In addition, vacating the Preliminary Injunction would relieve Defendants of the obligation to give Dr. Bowary a 're-do.' United States Medical Licensing Examination

("USMLE") would not be required to hold a CIR process, it would not be required to correct the notices it issued asserting that Dr. Bowary had engaged in 'irregular' conduct, and it would be free to reinstitute the three-year ban on Dr. Bowary retaking the USMLE Step 3 exam. Notwithstanding the fact that Dr. Bowary regained his Rhode Island medical license, he faces irreparable harm – including the loss of that license - if the Preliminary Injunction is vacated. Defendants' Motion To Vacate should be denied.

In support of this Opposition, Plaintiff also relies on his Second Motion For The Immediate Entry of Order Reflecting the Court's Rulings on Plaintiffs' Motion for Preliminary Injunction (the "Second Motion For Order"), which is being filed in conjunction with this Opposition, on the Second Affidavit of Susan Douglas Taylor, Esq. (Exh. A hereto) and on all prior pleadings and papers filed in this lawsuit.[2]

## Background

### The August 30, 2021 Oral Rulings By The Court Were Intended To Return Plaintiff To The Position He Was In Before USMLE Issued Any Rulings or Findings.

On August 30, 2021, when this Court issued oral orders on Plaintiff's Motion for a Preliminary Injunction (the "August 30 Oral Orders"), it considered each element of the standard for the issuance of preliminary injunctive relief.

First, the Court found Plaintiff had demonstrated a likelihood of success on the merits of his claim that Defendants breached their contract with Plaintiff by violating *USMLE Policies and Procedures Regarding Irregular Behavior* § B.4 when USMLE failed to include material

[2] The facts pertaining to this Motion have been set out in numerous other papers and pleadings, including the Affidavit of Paul Bowary, M.D. (the "Bowary Aff.") and the August 1, 2021 Affidavit of Susan Douglas Taylor, Esq., (the "First Taylor Aff.") both of which were submitted in conjunction with Plaintiff's PI Motion. These affidavits, and all prior papers and pleadings filed by the Plaintiff in this action are incorporated by referenced as if set forth herein. In addition, certain other facts, not previously presented to the Court, are set out in the Second Affidavit of Susan Douglas Taylor, Esq. (the "Second Taylor Aff.") (Exh. A hereto).

information in their April 27, 2020 letter to Plaintiff. *See* Aug. 30 Tr. at p. 26, lines 5-12, p. 36, lines 9-13, and p. 43, line 24 through p. 44, line 3. The finding of a likelihood of success on the merits has not been challenged by Defendants in their Motion To Vacate.

Second, the Court found that the equities balance in favor of affording Plaintiff proper procedure as provided in the *USMLE Policies and Procedures Regarding Irregular Behavior*. Aug. 30 Tr. at p. 36, lines 16-17. This finding also has not been challenged in the Defendants' Motion To Vacate.

Third, the Court found that Plaintiff will suffer irreparable harm unless a Preliminary Injunction is issued. Aug. 30 Tr. at p. 36, lines 13-16. The Court stated that "irreparable harm will come to him without affording him the proper procedure by way of his continued lack of a license and his potential deportation and that the equities balance in favor of giving him proper procedure." Aug. 30 Tr. at p. 36, lines 13-17.

> "The law's governed by the policies and procedures and the common law of good faith and fair dealing and whatnot; and it does seem to me that there are procedural problems here with Defendants' initial actions back in April and that under any scenario, whether it was some of his fault or not his fault in asking more quickly, substantively inured to the detriment of the Plaintiff here."

Aug. 30 Tr. at p. 33, lines 10-17.

Thus, the Court concluded that "Dr. Bowary is entitled to a redo." Aug. 30 Tr. at p. 44, line 3.

> "USMLE and its affiliates should – are required to provide Dr. Bowary with the procedure set forth in its policies and procedures document that begin with the [CIR] and for them to review the - all of the material that the Plaintiff wishes to submit in support of his position and that the remainder of the policies and any appeal that comes from it should then – and rights thereunder should follow. Period."

Aug. 30 Tr. at p. 35, line 25 through p. 26, line 8.

The Court was especially sensitive to the collateral consequences that could befall Dr. Bowary if it did not act. Although the Court said it could not order federal agencies that were not presently before the Court to refrain from deporting Plaintiff, it was the Court's stated intent that Plaintiff should be allowed to remain in the United States during the pendency of the above captioned matter, so that he may work and assist in the presentation of his case, and, if applicable, during the pendency of proceedings pertaining to the medical license issued to Plaintiff by the RI DOH. It was the Court's further stated intention to issue any subsequent rulings as may become necessary to ensure Plaintiff's continued presence and ability to work in the United States during the pendency of these proceedings. Aug. 30 Tr. at p. 37, line 4 through p. 38, line 18.

**Dr. Bowary Subsequently Learned He Passed An Alternative Examination. He Asked the Rhode Island DOH To Vacate The Voluntary Agreement Not To Practice Medicine.**

As a direct result of the August 30 Oral Orders and, because Plaintiff had independently passed an alternative medical licensing examination, Plaintiff signed a Consent Order with RI DOH that gives him the ability – with certain important administrative conditions - to practice medicine in Rhode Island. The Consent Order enabled Dr. Bowary to begin work at his New Employer.

However, critically, RI DOH has by no means released Dr. Bowary from its jurisdiction in this matter. In addition to keeping RI DOH apprised of all developments in this case, RI DOH is free to "take action" against Dr. Bowary for, among other things, a failure to pursue this lawsuit or if there is a violation of the Consent Order. *See* Consent Order, p. 3-4, ¶ 2(e) and ¶ 3. In addition, the Consent Order states that the August 30 Oral Orders "will be reduced to a written order." *See* Consent Order, p. 2-3, ¶ 8 (Exhibit A to Defendants' Motion To Vacate The Court's Preliminary Injunction of August 30, 2021 (Def. Mot. To Vacate") (Docket No. 26). Thus, RI

DOH reasonably expects that such an Order will be issued. In addition, Dr. Bowary is obligated to provide RI DOH with updates on this proceeding at least every 90 days, and he "shall" provide RI DOH with copies of any orders or judgments issued by this Court. Consent Order, p. 3, ¶ 2(c).

[redacted]

[redacted]

[redacted]

**Dr. Bowary Retains New Counsel; the December 2021 CIR Meeting Is Postponed; Defendants File The Instant Motion To Vacate the Preliminary Injunction**.

Dr. Bowary retained new counsel (as of November 9, 2021) and the Defendants readily agreed to postpone the December 14, 2021 CIR meeting date. No new date has been set but it is likely, based on conversations among counsel, that the new CIR meeting date will not take place until the first several months of 2022.

However, on November 9, 2021, (the same day new counsel appeared for Dr. Bowary), Defendants filed the instant Motion to Vacate the Court's August 30 Oral Rulings. Defendants encourage the Court to vacate the preliminary injunction because, they argue, Dr. Bowary has found 'another' path to licensure and, thereby to avoid deportation. In essence, they argue that, in light of 'new' circumstances (i.e., passing an alternative medical examination and obtaining a Rhode Island medical license), Plaintiff has not been irreparably harmed by USMLE's actions. Thus, they urge the Court to revisit its earlier rulings and deny Plaintiff's Motion for a Preliminary Injunction.

**DISCUSSION**

**Vacating The August 30 Oral Orders Would Re-Expose Dr. Bowary To Irreparable Harm.**

In their Motion To Vacate, the Defendants do not contest the Court's August 30 determination that Plaintiff demonstrated a likelihood of success on the merits. Nor do they challenge the Court's conclusion that Dr. Bowary is entitled to a "re-do." *See* Aug. 30 Tr. at p. 44, line 3.

Defendants assert only that Plaintiff has been able to avoid any harm that may have arisen from the Defendants' flawed actions because he took and passed an alternative licensing examination, which led to the Consent Order and to Dr. Bowary regaining a limited ability to practice medicine start a new job. Stated another way, Defendants suggest they should not be

enjoined because Plaintiff was able to avoid any irreparable harm that may have been caused by USMLE's actions. Thus, Defendants urge this Court to vacate the entirety of its August 30 rulings and refrain from issuing any written orders granting relief to Plaintiff.

Notably, the Motion To Vacate includes no promise that USMLE will 're-do' the CIR process, that Plaintiff will get any of the protections set out in USMLE's process and procedure documents, that the finding of 'irregular' conduct will be vacated, or that the 3-year ban on re-taking the USMLE Step 3 examination will be rescinded.

There are several significant flaws in Defendants' Motion.

First, Defendants overlook the very significant impact that USMLE's actions have already had on Plaintiff. USMLE's flawed conduct caused Plaintiff to lose his job at Butler Hospital, with the added result that his immigration status was placed in jeopardy.[3] Dr. Bowary found a new employer, [redacted] Second Taylor Aff., ¶¶ 11-12. Prior to USMLE's flawed findings, Dr. Bowary was working, he had a Rhode Island medical license, and his immigration status was secure, with an approved visa petition submitted on his behalf by CNEMG. As the Court noted, "there are procedural problems here with Defendants' initial actions back in April and that under any scenario, whether it was some of his fault or not his fault in asking more quickly, substantively inured to the detriment of the Plaintiff here." *See* Aug. 30 Tr. at p. 3, lines 12-17.

The Court's Order sought, insofar as it possible to do so, to restore Dr. Bowary to a semblance of the position he was in prior to the USMLE actions. While it is true that Dr.

[3] There may be other harms flowing from USMLE's flawed process. There are developing indications Dr. Bowary's credentials applications to third party insurers have been affected and may be delayed or denied. Plaintiff reserves the right to submit additional evidence should this still emerging development affect Dr. Bowary's credentials.

Bowary took and passed an alternative medical examination and, as a result, he was able to regain a limited right to practice medicine in Rhode Island, Plaintiff's actions have not erased the impact of the flawed finding by USMLE that Dr. Bowary engaged in 'irregular' conduct. As the record shows, successfully passing the alternative examination was just the first step toward Dr. Bowary being able to start his new job. However, and notwithstanding the Court's August 30 Oral Orders, Dr. Bowary has not been restored fully to the position he was in prior to USMLE's wrongful conduct. He remains under the jurisdiction of RI DOH. [REDACTED]. Second Taylor Aff., ¶¶ 19-25.

Second, Defendants do not seem to acknowledge that vacating the August 30 Oral Orders would re-expose Dr. Bowary to harm he had experienced as a result of USMLE's wrongful action. It is not an exaggeration to say that without the Court's August 30 Oral Orders, Plaintiff will almost certainly lose his new job, his medical license [REDACTED] This is a real and foreseeable consequence of granting the Defendants' Motion.

Third, and perhaps most importantly, vacating the Preliminary Injunction will free USMLE of any obligation, legal or otherwise, to 're-do' the CIR process. As noted above, the Motion To Vacate includes no promise that USMLE will 're-do' the CIR process, that Plaintiff will get any of the protections set out in USMLE's process and procedure documents, that the finding of 'irregular' conduct will be vacated, or that the 3-year ban on re-taking the USMLE Step 3 examination will be rescinded.

This flies in the face of the Court's ruling, which was that "USMLE and its affiliates should – are required to provide Dr. Bowary with the procedure set forth in its policies and procedures document that begin with the [CIR] and for them to review the - all of the material that the Plaintiff wishes to submit in support of his position and that the remainder of the policies and any appeal that comes from it should then – and rights thereunder should follow. Period." Aug. 30 Tr. at p. 35, line 25 through p. 26, line 8.

* * * * *

If Defendants' Motion To Vacate is allowed, the CIR Decision will not have been vacated, USMLE will not be required to hold another hearing, and it will not be required to provide Dr. Bowary with the required procedures. In addition, and perhaps most importantly, if the Motion To Vacate is allowed, USMLE's record will continue to reflect that Dr. Bowary's will have been deemed to have engaged in 'irregular' conduct. It seems certain that RI DOH will then seek to suspend Dr. Bowary's medical license, he will be terminated by the New Employer, [redacted] [redacted] *See* Second Taylor Aff., ¶¶ 11-12, 25.

## **Conclusion**

For the foregoing reasons, Dr. Bowary strongly urges the Court to deny Defendants' Motion To Vacate. The Court should expeditiously enter a proposed Order attached as Exhibit A to Plaintiff's Second Motion For The Immediate Entry Of Order Reflecting The Court's Rulings On Plaintiffs' Motion For Preliminary Injunction.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Richard Goldstein*
Richard Goldstein, Esq. (#8501)
One Beacon Street, Suite 1320
Boston, MA 02108
Phone: (617) 598-6740
Facsimile: (617) 720-5092
Mobile: (617) 938-3500
richard.goldstein@huschblackwell.com

Jeffrey Chase-Lubitz, Esq. (#3701)
One Richmond Square, Suite 165W
Providence, RI 02906
Phone: (401) 454-0400
Facsimile: (401) 454-0404
Mobile: (401) 225-8858
jeffrey.chase-lubitz@huschblackwell.com

*Attorneys for Plaintiff Paul Bowary, M.D.*

Dated: November 23, 2021

## **CERTIFICATE OF SERVICE**

I, Richard Goldstein, Esq., hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any indicated as non-registered participants on this 23rd day of November, 2021.

*/s/ Richard Goldstein*
Richard Goldstein, Esq.