UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAUL BOWARY, M.D.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES MEDICAL LICENSING EXAMINATION, NATIONAL BOARD OF MEDICAL EXAMINERS, and THE FEDERATION OF STATE MEDICAL BOARDS OF THE UNITED STATES, INC.,<br><br>    Defendants. | Case No. 1:21-cv-00278-JJM-LDA |

**PLAINTIFF'S SECOND MOTION FOR THE IMMEDIATE ENTRY OF ORDER REFLECTING THE COURT'S RULINGS ON PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (EXPEDITED HEARING REQUESTED)**

Plaintiff, Paul Bowary, M.D., through counsel, moves for entry of an Order in the form attached hereto as Exhibit A reflecting: (1) the Court's ruling on Plaintiff's Motion for a Preliminary Injunction ("Plaintiff's PI Motion"); and (2) an agreement between the parties to postpone the December 14, 2021 CIR meeting to a date in 2022 yet to be determined.

For the reasons set forth below, there is an urgency to the issuance of a written Order. However, the Defendants' filing of a Motion to Vacate the Preliminary Injunction portends further delay. As explained below, this is prejudicial to Dr. Bowary. A written Order is vital to: (1) Plaintiff's medical licensing status in the State of Rhode Island; and (2) ███████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████

1

In support of this Motion, Plaintiff relies on the accompanying Opposition to Defendants' Motion to Vacate the Preliminary Injunction ("Pl. Opp."), the Second Affidavit of Susan Douglas Taylor, Esq. (the "Second Taylor Aff.") (Exhibit B attached hereto), and other papers and pleadings in this action.[1]

## Background

This Court issued oral rulings on August 30, 2021 on Plaintiff's PI Motion (the "August 30 Oral Orders"). It was the Court's stated intention to issue any subsequent rulings as may become necessary to ensure Plaintiff's continued presence and ability to work in the United States during the pendency of these proceedings. Transcript of August 30, 2021 Hearing ("Aug. 30 Tr.") at p. 37, line 4 through p. 38, line 18.

Despite extensive discussions, Dr. Bowary's prior counsel and Defendants could not agree on the terms of a written Order. Thus, on October 13, 2021, Plaintiff's prior counsel filed a Motion for Entry of an Order Reflecting the Court's Ruling on Plaintiff's Motion for a Preliminary Injunction and requested an expedited Hearing. (Docket No. 22) ("Pl. Mot. For Order"). The Defendants responded, pursuant to a court order, on October 18, 2021. (Docket No. 23). No Order had been entered by November 9, 2021, when Defendants filed their Motion to Vacate. (Docket No. 26).

---

[1] The facts pertaining to this Motion have been set out in numerous other papers and pleadings, including the Affidavit of Paul Bowary, M.D. (the "Bowary Aff.") and the August 1, 2021 Affidavit of Susan Douglas Taylor, Esq., (the "First Taylor Aff.") both of which were submitted in conjunction with Plaintiff's PI Motion. These affidavits, and all prior papers and pleadings filed by the Plaintiff in this action are incorporated by reference as if set forth herein. In addition, certain other facts, not previously presented to the Court, are set out in the Second Affidavit of Susan Douglas Taylor, Esq. (the "Second Taylor Aff.") (Exhibit B attached hereto).

2

1. **The August 30 Oral Rulings Enabled Dr. Bowary To Start A New Job But the Rhode Island Department of Health Is Awaiting A Written Order And <u>Dr. Bowary Remains Under RI DOH's Jurisdiction.</u>**

As a result of the August 30 Oral Orders (which vacated USMLE's conclusion that Dr. Bowary engaged in "irregular" conduct), Plaintiff was able to enter into a Consent Order with Department of Health of the State of Rhode Island ("RI DOH"), ratified by RI DOH on October 19, 2021. The Consent Order vacated an October 15, 2020 Voluntary Agreement Not To Practice Medicine between Dr. Bowary and RI DOH ("Agreement Not To Practice"). The lifting of the year-long Agreement Not To Practice gave Plaintiff the ability – with certain important administrative conditions – to practice medicine in Rhode Island and to begin work at a new employer in Rhode Island (the "New Employer").

However, the licensure granted by RI DOH pursuant to the Consent Order is not without important conditions. Among other things, the Consent Order states that the August 30 Oral Orders "will be reduced to a written order." *See* Consent Order, p. 2-3, ¶ 8 (Exhibit A to Defendants' Motion to Vacate the Court's Preliminary Injunction of August 30, 2021 ("Def. Mot. To Vacate") (Docket No. 26). Thus, RI DOH reasonably expects that such an Order will be issued. In addition, Dr. Bowary is obligated to provide RI DOH with updates on this proceeding at least every 90 days, and he "shall" provide RI DOH with copies of any orders or judgments issued by this Court. Consent Order, p. 3, ¶ 2(c). Critically, RI DOH retains jurisdiction over Dr. Bowary. In addition to keeping RI DOH apprised of all developments in this case, RI DOH is free to "take action" against Dr. Bowary for, among other things, a failure to pursue this lawsuit, *see* Consent Order, p. 3-4, ¶ 2(e); and if there is a violation of the Consent Order. *See* Consent Order, p. 3-4, ¶ 3.



3. **<u>Delays In The Issuance Of A Written Order Will Harm Dr. Bowary</u>**.

It is Plaintiff's view – supported by the Second Affidavit of Susan Taylor, and by all of the facts and circumstances in this matter -- that if a written Order vacating USMLE's flawed decisions is not issued in the very near future, Dr. Bowary's licensing position with RI DOH will deteriorate,

4

This ▮ places Dr. Bowary's employment with the New Employer at risk.  *See* Second Taylor Aff., ¶¶ 23-24.

Thus, Dr. Bowary respectfully requests that a written Order reflecting this Court's ruling be issued as soon as possible.  A written Order confirming the rulings issued on August 30, 2021 will ensure that Dr. Bowary remains in compliance with his obligations under the Consent Order with RI DOH.  ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████

4. **The Prior Draft Orders Do Not Reflect The Recent Postponement Of The December 2021 CIR Meeting.**

Plaintiffs' prior Motion For Entry of an Order has recently been superseded by the fact that, at the request of Dr. Bowary's new counsel, the Defendants readily agreed to postpone the December 14, 2021 CIR meeting date.  No new date has been set but it is likely, based on conversations among counsel, that the new CIR meeting date will not take place until the first several months of 2022.  Thus, the schedule set forth in the proposed Orders submitted by both parties are obsolete, which necessitates the entry of a new Order changing the schedule and other procedural matters.  In all other respects, Plaintiff's proposed PI Order is unchanged.[2]

---

[2] The Court will note that the Defendants' proposed Order included a stay of the proceedings.  *See* Def. Response to Plaintiff's Motion for Entry of his Proposed Preliminary Injunction Order (Docket No. 23). In light of Defendants' filing of the Motion To Vacate the Preliminary Injunction Order, it would appear that the Defendants no longer seek a stay of this action.  Plaintiff also opposes a stay.

Thus, Dr. Bowary strongly urges the Court to enter a written Order confirming the August 30 Oral Orders.

## EXPEDITED HEARING REQUESTED

Pursuant to D. R. I. L. R. Cv. 7(c), Plaintiff requests a hearing for oral argument on this Motion. It is estimated that less than one hour will be required for that hearing.

The Court has scheduled a status conference in this matter for December 15, 2021 at 9:30 am. However, for the reasons set forth above, Plaintiff requests, pursuant to D. R. I. L. R. Cv. 9, that this Motion be heard on an expedited basis as soon as possible – before December 15, 2021 - and for expedited relief.

## Conclusion

For the foregoing reasons, and as discussed in the accompanying Opposition to Defendants' Motion To Vacate, the Court should enter the proposed Order attached hereto as Exhibit A.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Richard Goldstein*
Richard Goldstein, Esq. (#8501)
One Beacon Street, Suite 1320
Boston, MA 02108
Phone: (617) 598-6740
Facsimile: (617) 720-5092
Mobile: (617) 938-3500
richard.goldstein@huschblackwell.com

Jeffrey Chase-Lubitz, Esq. (#3701)
One Richmond Square, Suite 165W
Providence, RI 02906
Phone: (401) 454-0400
Facsimile: (401) 454-0404
Mobile: (401) 225-8858
jeffrey.chase-lubitz@huschblackwell.com

*Attorneys for Plaintiff Paul Bowary, M.D.*

Dated: November 23, 2021

## CERTIFICATE OF SERVICE

I, Richard Goldstein, Esq., hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any indicated as non-registered participants on this 23th day of November, 2021.

*/s/ Richard Goldstein*
Richard Goldstein, Esq.

HB: 4873-4330-4452.1