UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAUL BOWARY, M.D., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES MEDICAL LICENSING EXAMINATION, NATIONAL BOARD OF MEDICAL EXAMINERS, and THE FEDERATION OF STATE MEDICAL BOARDS OF THE UNITED STATES, INC., <br><br> Defendants. | Case No. 1:21-cv-00278-JJM-LDA |

**PLAINTIFF'S MOTION FOR AN ORDER: (1) SCHEDULING THE INITIAL RULE 26 DISCOVERY CONFERENCE; (2) DIRECTING THE PARTIES TO CONFER AND TO MAKE THE INITIAL DISCLOSURES REQUIRED BY RULE 26(a)(1); (3) AUTHORIZING PLAINTIFF TO CONDUCT CERTAIN DISCOVERY; AND (4) <u>REQUIRING DEFENDANTS TO ANSWER THE AMENDED COMPLAINT</u>**

Plaintiff Paul Bowary, M.D., moves for an order: (1) scheduling the initial Rule 26 discovery conference; (2) requiring the parties, prior to the conference, to confer about discovery and make their initial disclosures; (3) allowing Plaintiff to conduct discovery of Defendants and of third parties; and (4) requiring the Defendants to answer the Amended Complaint.

Defendants have not yet proposed a date for the 'new' CIR hearing ordered by the Court. Because Plaintiff has valid claims for monetary damages and because there is evidence the forthcoming CIR hearing will be as flawed as the first one, Plaintiff seeks leave to obtain discovery from Defendants and third parties and asks the Court to initiate the discovery process by issuing the discovery and scheduling orders of the type that typically follow once issue has been joined. Defendants should also be ordered to answer the Amended Complaint.

**Factual Background**

This action arises out of the wrongful determination by Defendants United States Medical Licensing Examination (USMLE), National Board of Medical Examiners (NBME), and the Federation of State Medical Boards of The United States, Inc (collectively NBME) and the Defendants' subsequent notification to the Rhode Island Department of Health (RIDOH) and Plaintiff's then employer that Dr. Bowary engaged in 'irregular conduct' related to the USMLE Step 3 examination.

Dr. Bowary received an e-mail on July 8, 2019, he believed was a notification from NBME he had passed the Step 3 examination. NBME not only denied Dr. Bowary had passed that Step 3 examination; it asserted it had not sent the July 8, 2019 email to Dr. Bowary and the email was false (i.e., "spoofed"). After a meeting of an NBME Committee for Individualized Review (CIR) and a subsequent review by an NBME Composite Committee, NMBE 'found' Dr. Bowary's actions constituted 'irregular conduct' under NBME's rules. NBME then sent copies of the Composite Committee's final decision to RIDOH and to Plaintiff's previous employer. Plaintiff affirms that as a result of NBME's actions, including disseminating the flawed CIR finding to various governmental regulatory bodies, he had to sign an agreement not to practice medicine, he was barred from retaking Step 3 of the USMLE exam, he lost his job, and his visa status was jeopardized. This is in addition to significant financial losses he had to sustain as a consequence to the above (including having to sell his house).

In February 2021, NMBE received but refused to consider a vital forensics digital analysis report prepared by Dr. Darren Hayes (the Hayes Report), that concluded the July 8, 2019 e-mail had very likely come from NBME. Dr. Bowary further contended that even if the

July 8, 2019 email was 'spoofed,' he was blameless.  NBME nevertheless declined to alter its position.

Because of the flawed procedure employed by NBME and its disregard of the Hayes Report, Dr. Bowary began this action in July 2021 with the filing of a Complaint for damages and injunctive relief.  Dr. Bowary asserted a series of claims against NBME, including breach of contract, negligence, defamation, interference with contractual relations, and breach of the duty of good faith and fair dealing and due process.  Dr. Bowary moved for a preliminary injunction, alleging NBME had denied him due process and certain other contractually mandated rights and procedures.  On August 30, 2021, the Court partially granted Plaintiff's Motion For A Preliminary Injunction, which vacated the CIR hearing and ordered NBME to "redo" the CIR hearing (subject to the parties agreeing on a date for the CIR hearing).  Among other things, the Court found that Plaintiff had established a likelihood of success on the merits of his breach of contract claim.  After the parties could not agree on the terms of the Court's Order, a status conference was held on December 15, 2021, and a corrected Order was entered by the Court on January 5, 2021.  The corrected Order also required NBME to provide Dr. Bowary with certain documents and information.  *See* Exhibit A attached hereto.  Although the Defendants opposed Plaintiff's Motion for a Preliminary Injunction, they have never answered or otherwise responded to the Amended Complaint.  NBME's recent Motion To Vacate the Preliminary Injunction and a request for a stay have not been granted.

NBME issued a 'new' allegations letter in October 2021.  *See* Exhibit B attached hereto.  Given Dr. Hayes's conclusions, one would reasonably expect that NBME would have conducted an investigation of its own email practices.  However, the 'new' allegations letter shows no evidence of any such investigation.  In fact, the 'new' allegations letter makes no

mention of Dr. Hayes's Report or the possibility that the July 8, 2019 email may have originated with NBME. To the contrary, the 'new' allegations letter focuses largely, if not exclusively, on Dr. Bowary's actions and his credibility. This is irrelevant to the CIR proceeding; this is principally a forensic email case, i.e., where did the email originate and was it reasonable for Dr. Bowary to believe it was genuine. Thus, a major focus of this case, and the CIR hearing, involves matters internal to NBME and its email vendors.

However, NBME has not proposed a date for a new CIR hearing and, therefore, the 'new' CIR has not been scheduled. Nonetheless, even without a proposed new date, NBME has demanded Dr. Bowary produce records which they presumably anticipate using when they do schedule a CIR hearing.

Based on the October 2021 'new' allegations letter, NBME appears to have conducted some sort of internal forensic analysis of the July 2019 email. Attached to NBME's October 'new' allegations letter are a series of documents, including an undated, unsigned "Proof of Concept." The "Proof of Concept" appears to be a forensic analysis of why NBME believed that the July 2019 email received by Dr. Bowary had not originated from NBME and was "spoofed." However, the "Proof of Concept" document does not disclose when it was created, who prepared it, and whether it was shown to the CIR Committee. In addition, there is no indication that whoever prepared the "Proof of Concept" document for NBME was shown the Hayes Report or made any effort to review or respond to the Hayes Report.

Thus, the "Proof of Concept" document raises important questions relevant to NBME's past conduct and to the conduct of the yet to be scheduled CIR hearing. Therefore, through his counsel and in a letter sent directly to NBME on March 4, 2022, Dr. Bowary asked that NBME provide him with certain information relevant to the prior CIR process as well as the forthcoming

4

hearing.  *See* Exhibit D attached hereto.  NBME has thus far declined to provide that information.

## Discussion

Fed. R. Civ. P. 26(a) sets out the procedure by which each party must make required initial disclosures to the other party.  Rule 26(a)(1) requires automatic initial disclosures of witness, documents, damages computations, and insurance.  Although the initial disclosures are 'automatic,' i.e., they are accomplished without the need to issue discovery requests, they are linked to the Court's scheduling an initial conference.  Prior to the Court conference, the parties are required to conduct a discovery meeting, make their voluntary disclosures, develop a discovery plan, and then meet with the Court to establish a schedule for the balance of all discovery events.  Fed. R. Civ. P. 26(a)(1), (f).

In this case, except for the fact that Dr. Bowary has asked NBME to produce information relevant to this matter, none of that has happened.  Quite the contrary, NBME has not only failed to answer the Amended Complaint, NBME has thus far failed to respond to Dr. Bowary's March 4, 2022 letter.  However, based on a letter received from NBME's counsel in February 2022, it seems unlikely NBME will voluntarily produce any documents or information beyond what is required in the Court's January 5, 2022 Order.  Thus, Dr. Bowary is forced to turn to the Court for assistance and he asks that the Court allow him to conduct discovery of NBME (and of third parties) on the issues in this matter.

NMBE may argue that until the forthcoming CIR and Composite Committee process is completed, discovery of any kind is irrelevant and burdensome.  That argument lacks merit because it fails to address the injury Dr. Bowary has already experienced as a result of NBME's actions.  Dr. Bowary should be allowed to take discovery of <u>past</u> NBME actions that led to the

filing of this lawsuit.  Although the date for the CIR hearing has not been set, Dr. Bowary's claim for breach of contract, which the Court found is likely to be meritorious, addresses NBME's <u>past</u> actions; it will not be affected by the new CIR hearing.  Dr. Bowary has already been damaged significantly by NBME's 2020 wrongful issuance of letters that 'found' Dr. Bowary had engaged in irregular conduct.  The Court has determined NBME's finding was flawed.  Thus, regardless of the outcome of the new CIR hearing, Dr. Bowary has viable and substantial claims for breach of contract and other claims for NBME's past actions.

In addition to the required initial disclosures, Dr. Bowary should be allowed to conduct discovery of NBME (and of third parties, including NBME's email providers) that relates to the facts and circumstances of NBME's <u>past</u> breach of contract and his other claims.  This would include examining NBME's internal investigative processes and the circumstances of how the breach of contract and the other claims occurred.  The "Proof of Concept" document and the CIR process would be a major focus of this discovery.  Regardless of whether the Court granted Plaintiff's motion for a preliminary injunction, Dr. Bowary would be allowed to conduct this discovery.  He should not be denied his discovery rights under Rule 26 merely because NBME is obligated to 'redo' the CIR hearing; if anything, the granting of the preliminary injunction adds weight to his request for discovery.

Nor should NBME be allowed to use the CIR hearing process as a shield to prevent exposure of its past practices and omissions.  Dr. Bowary anticipates that, following the required initial disclosures by NBME, he would conduct a Rule 30(b)(6) deposition of NBME.  He also contemplates discovery (consisting of a document request and a Rule 30(b)(6) deposition) of any third parties that managed NBME's emails.

NBME may also argue that Dr. Bowary is not entitled to get any information from NBME beyond what is provided for in NBME's procedures. That argument also carries little weight because there is a growing body of evidence that the yet to be scheduled CIR hearing will likely ignore critical forensic evidence and may overlook inherent deficiencies in the upcoming CIR process. As noted above, the Hayes Report is nowhere mentioned in the October 2021 'new' allegations letter from NBME. *See* Exhibit B. Plaintiff has since obtained other evidence, none of which was in the Hayes Report, that reinforces Dr. Hayes's conclusions and which he believes convincingly shows that the July 2019 email came from NBME. Stated simply, there is a growing body of evidence that the July 2019 email did not come from Dr. Bowary but originated from someone using an NBME email address. However, other than asking for the metadata of the July 2019 email reviewed by Dr. Hayes, there is no indication – from the 'new' allegations letter – NBME is conducting a new forensic examination, much less analyzing the Hayes Report. Thus, there is reason to believe that NBME administration of the new CIR hearing will be even more flawed than the first.

Unless Dr. Bowary is allowed to take discovery prior to the CIR hearing, the playing field will be tilted heavily in favor of NBME. In reliance on Dr. Bowary's purported contractual obligation to "cooperate fully," NBME says that Dr. Bowary must "cooperate fully" with any information request it may present to him. *See* Exhibit C. He has responded to each such request, including providing, in the Hayes Report, the metadata and email headers of the July 2019 email he received. NBME has long had all the information it needed from Dr. Bowary. In fact, NBME has had the Hayes Report since February 2021. That NBME failed to mention this report in its October 2021 'new' allegations letter is a significant omission. In addition, in failing

to respond to Dr. Bowary's March 4 letter, NBME has declined to provide Dr. Bowary with any information other than what it chooses to show to the CIR Committee.

While the CIR hearing is not an adversarial process and NBME's procedures do not provide for extensive pre-hearing disclosures, NBME must recognize that Rule 26(a) of the Federal Rules of Civil Procedure, as augmented by the Court's January 5, 2022 Order, give Dr. Bowary the right to seek discovery beyond what NBME would normally provide had there been no lawsuit. Dr. Bowary should not have to endure a CIR hearing where important investigative avenues internal to NBME were not pursued, and critical evidence within the sole custody and control of NBME is ignored. NBME's conduct since the issuance of the August 2021 Order suggests that, rather than seeking the truth, a result adverse to Dr. Bowary is pre-ordained.

NBME should not be allowed to use its procedures as a shield to prevent disclosure of its past wrongful conduct or shroud its current process. Without judicial intervention and an order allowing Dr. Bowary to conduct normal pre-trial discovery, his ability to prosecute this lawsuit and to defend himself at the CIR hearing will be stymied.

## **Conclusion**

For the foregoing reasons, Plaintiff requests that, as provided for in Rule 26, Fed. R. Civ. P., the Court enter an order:

(1) requiring the Defendants to answer or otherwise respond to the Amended Complaint within fourteen (14) days;

(2) scheduling a pre-trial discovery conference;

(3) requiring the parties, prior to the conference, to confer about discovery and make their initial disclosures;

(4) allowing Plaintiff to conduct discovery of certain third parties; and

(5)  ordering that the new CIR hearing not be conducted until Dr. Bowary has obtained the discovery permitted by the Court.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Richard Goldstein*
  Richard Goldstein, Esq. (#8501)
  One Beacon Street, Suite 1320
  Boston, MA 02108
  Phone: (617) 598-6740
  Facsimile: (617) 720-5092
  Mobile: (617) 938-3500
  richard.goldstein@huschblackwell.com

  Jeffrey Chase-Lubitz, Esq. (#3701)
  One Richmond Square, Suite 165W
  Providence, RI 02906
  Phone: (401) 454-0400
  Facsimile: (401) 454-0404
  Mobile: (401) 225-8858
  jeffrey.chase-lubitz@huschblackwell.com

**SUSAN DOUGLAS TAYLOR, ESQ.**
575 Madison Avenue, 10th Floor
New York, NY 10022
Phone: (212) 873-0711
Fax: (212) 605-0222
Email: st@susandouglastaylor.com
Admitted *pro hac vice*

*Attorneys for Plaintiff Paul Bowary, M.D.*

Dated: April 5, 2021

**CERTIFICATE OF SERVICE**

I, Richard Goldstein, Esq., hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 5th day of April, 2022.

  */s/ Richard Goldstein*
  Richard Goldstein, Esq.

HB: 4869-1529-6794.1