# EXHIBIT D

**Response to the office of the USMLE Secretariat**

03/03/2022


Dear Ms. Buono:

I am in receipt of your letter of February 4, 2022, arbitrarily setting a date of March 4, 2022, by which certain documents requested in one of two letters from you dated October 28, 2021 (the October 2021 Document Request) must be produced to USMLE/NBME (hereinafter NBME).

### A.    Information Request in Your October 28, 2021 Letter

After consultation with my counsel, I object to the February 4, 2022 letter, and to the October 28, 2021 Document Request from which it purportedly emanates. My reasoning for the objection is shared below and it is followed by a request to NBME to produce to me certain documents and information related to this matter.

First, I take strong exception to the assertion that I delayed responding to the request. As my lawyer explained at length to your counsel (Mr. Burgoyne), NBME filed a motion, on November 9, 2021, to lift the Court's injunction. Had that motion been granted, NBME would not have been under any compulsion to conduct a 'new' CIR hearing. Even though NBME purportedly 'promised' to conduct a new hearing, had NBME's motion been granted, the procedural safeguards in the Court's August 30, 2021 Order would not have been in place. Thus, I believe I was totally justified in declining to respond and produce any documents until it was clear what the Court's final order would contain. As you know, the order was not finalized until January 5, 2022. In short, it is NBME's litigation tactics, and not anything I have done (or supposedly failed to do), that warranted a delay in producing those files.

Second, the request is overbroad and calls for information and documents that have nothing to do with this case or are an unwarranted intrusion of my personal privacy.

1.    *The Google Takeout* -- As you know, a Google Takeout is a database, obtainable from Google, of all data (including e-mails, text messages, calendar entries, etc.) that pass-through Google's servers. During the time period in question (2019-2020), the Google Takeout includes thousands of individual items. Virtually all of them are personal in nature, or relate to my job, and some involve legally privileged communications. All but a small number of the files (less than 1%) have anything to do with this matter. There is no basis for NBME to have access to and review files that are unrelated to this case, do not involve the exam, or are confidential by law.

In addition, as Dr. Hayes's Expert Report makes clear, there was only one (1) file from the Google Takeout that he reviewed and commented on in his Report. That was the mbox file for the July 8, 2019 e-mail sent by NBME to me that contained the PDF indicating I had passed the Step 3 exam. I am not aware of any other mbox file that he reviewed for his Expert Report, and, after a careful review of the Report, I note that none is mentioned.

More importantly, Dr. Darren Hayes's report, which was sent to USMLE in February 2021, contains the metadata and other information from the e-mail he reviewed. That data was taken from the Google Takeout that you requested. In short, you had the information you are requesting.

Despite your already having this information, I will send you, via e-mail, the single mbox file from the Google Takeout that was reviewed and discussed by Dr. Hayes in his report.

2.    *Phone Logs* – I have obtained my phone logs and reviewed them. They contain records of hundreds of calls to and from my cell phone. Because most of these calls have nothing to do with this matter, or involve personal calls, I will redact all information except for calls that I believe came from NBME or were made by me to NBME or involve non-privileged, non-confidential efforts to clarify the July 8, 2019 e-mails.

As my lawyer may have told you, I recall that some calls to USMLE were made from varying locations (clinics/ offices) of my then employer's place of business. I am not able to obtain any log of those calls. If you believe it is possible and important for USMLE to request these phone logs from my previous employer, I demand that no direct communication be made directly with the employer and that the court be asked to issue such a request. My reputation and path of my career have both been sufficiently and unfairly injured by USMLE's previous unobjective and misleading communications with third parties. I thus formally request that USMLE refrain from contacting any third parties about any issue related to my case and rather defer to the adequate court channels if such communications are needed in the future.

**B.    USMLE/NBME Is Obligated To Produce Information To Me.**

I also write to formally request that USMLE and NBME produce certain documents and information to me. This request was previously made by my lawyer in an e-mail to Mr. Burgoyne (on January 13, 2022).

Your other October 28, 2021, letter (the October 2021 Allegations Letter) which purported to outline the grounds on which NBME contends I engaged in irregular conduct, is a significant expansion of the grounds set forth in NBME's initial April 27, 2020 letter. As such, the October 2021 Allegations Letter is not a prelude to a 're-do' of the CIR hearing, but foreshadows an entirely new proceeding, involving new and vastly expanded allegations. Given the Court's January 2022 Order, I consider the inclusion of these 'new' facts to be an improper expansion of the factual scope of the hearing and I intend to raise this with the Court. I am also entitled to know if NBME/USMLE intends to present any other evidence at the CIR hearing in addition to what is attached to the October 2021 Allegations Letter.

To the extent NBME uses the October 2021 Allegations Letter to expand the factual bases on which it contends there was irregular behavior (which I feel is prohibited by the Court Order), these 'new' facts focus only on my behavior and, therefore, contain a number of significant misleading omissions and thus a mischaracterization of the facts in existence at a specific point in time. As my counsel explained to Mr. Burgoyne, there is significant, unrebutted evidence that the

July 8, 2019 e-mail originated with (or on behalf of) NBME.  As Dr. Hayes pointed out in his report, which NBME has had a copy of since February 2021, the July 8, 2019 e-mail advising me I had passed Step 3 almost certainly originated from NBME and passed through several other servers (salesforce.com, pphostiong.com) prior to it arriving at my e-mail in box.  In fact, Dr. Hayes's report identifies a specific NBME IP address from which the e-mail was sent.  That IP address is unquestionably connected to NBME.  He also notes why it would be highly unlikely for the e-mail to have been 'spoofed.'

Although the October 2021 Allegations Letter contains a "Proof of Concept" that purports to argue that the e-mail did not originate from NBME, the Proof of Concept is unsigned, undated, and contains hearsay.  It is only described as a 'NBME staff' report; we know nothing of the identity, experience, expertise, or background of the anonymous author(s).  It includes references to metadata but does not attach the underlying data so that it can be examined by a third party.  We cannot begin to analyze or critique the Proof of Concept until all information relating to Proof of Concept has been made available to me in a timely manner.

Significantly, the Proof of Concept makes no mention of Dr. Hayes's report.  Thus, we assume that the Proof of Concept was done prior to USMLE and NBME receiving Dr. Hayes's Report.  However, now that USMLE and NBME has had Dr. Hayes's report for a year, has the NBME investigation done a further exploration of its own e-mail practices?   What has NBME done to verify Dr. Hayes's findings?  The answer, from the October 2021 Allegations Letter, seems to be 'nothing'; there is no indication NBME has done anything to address the findings in Dr. Hayes's report.  If, however, USMLE and NBME have made such an investigation, the results of that inquiry should be turned over to me immediately.  If it has not made that inquiry, the CIR hearing will be fatally flawed.

In any case, I request production of the following information and documents.

1.      The identity and location of the computer(s)/server(s) with the IP addresses mentioned in Dr. Hayes's report.

2.      The names of the individuals who were responsible for conducting, overseeing, or approving e-mail communications with applicants, including the identity of any person at NMBE who caused, sent (or attempted to send) me an e-mail.

3.      A copy of the Google Takeout (or equivalent) of any e-mail sent to or received from me.

4.       The phone logs (or other similar record) of any phone calls with me.

5.      An explanation of NBME's relationship with Salesforce and/or Proofpoint, including but not limited to, any records of any e-mails sent in error by or on behalf of NBME.

6.      Identification of the means by which NBME can 'rescind' or 'recall' an e-mail and identify any person who attempted to 'recall' any e-mail sent to me at any time.

       7.      Records, if any, of any other person who was erroneously notified – by e-mail - of any test score or other action by NBME/USMLE.

       8.      Production of my entire file.

I understand that it is not customary for USMLE/NBME to produce records of this type in connection with a CIR hearing.  However, the Court's January 2022 Order requires NBME to produce all investigative records prior to the hearing.  These records are unquestionably relevant.  Although Mr. Burgoyne has declined to produce any records, I write to make that request directly to you.  If you persist in declining to make them available, they will be sought under the provisions of the pre-trial discovery rules of the US District Court.

Sincerely,


Paul Bowary, MD