UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAUL BOWARY, M.D.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES MEDICAL LICENSING EXAMINATION, NATIONAL BOARD OF MEDICAL EXAMINERS, and THE FEDERATION OF STATE MEDICAL BOARDS OF THE UNITED STATES, INC.,<br><br>    Defendant. | Case No. 1:21-cv-00278-JJM-LDA |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER:
(1) SCHEDULING THE INITIAL RULE 26 DISCOVERY CONFERENCE;
(2) DIRECTING THE PARTIES TO CONFER AND MAKE INITIAL DISCLOSURES;
(3) AUTHORIZING PLAINTIFF TO CONDUCT CERTAIN DISCOVERY; AND
(4) REQUIRING DEFENDANTS TO ANSWER THE AMENDED COMPLAINT**

    In what appears to be a further attempt to delay the Court-ordered "redo" of the USMLE program's consideration of his case (Dkt. 41), plaintiff Paul Bowary is asking the Court to authorize him (but not defendants) to pursue discovery and to "order that the new CIR hearing not be conducted [by the USMLE's Committee for Individualized Review] until Dr. Bowary has obtained the discovery permitted by the Court." Pl. Motion 8-9 (Dkt. 43). The discovery would consist of document requests followed by Rule 30(b)(6) depositions, directed to NBME and to third parties.

    The Court should deny Dr. Bowary's motion. As discussed below, the Court has already addressed whether the litigation should be held in abeyance pending conclusion of the CIR rehearing. Rejecting the same arguments that are now being made by Dr. Bowary, the Court held

that the case would be stayed while the USMLE proceedings are redone. Dr. Bowary does not mention this prior ruling in his brief. *See* Pl. Motion 3.

Likewise, the Court has already addressed in its preliminary injunction order which documents defendants must provide to Dr. Bowary in advance of the CIR hearing and when they are to be provided. He largely ignores this fact as well.

What Dr. Bowary is really asking the Court to do is to amend the Court's preliminary injunction order, which *his* attorneys drafted, to allow him to pursue discovery in advance of the CIR rehearing, even though he acknowledges that such discovery is not authorized under the applicable USMLE policies, and even though the Court has already concluded that the litigation should be stayed while the USMLE proceedings are redone. He also asks the Court to resume other aspects of the litigation by requiring defendants to answer the Amended Complaint, directing the parties to confer and to make their initial discovery disclosures under Rule 26, and scheduling the initial Rule 26 discovery conference.

Dr. Bowary has already delayed the CIR rehearing that the Court has ordered defendants to conduct, first by asking that it not be held as agreed in December 2021 so that his new attorneys could get up to speed, and then by taking months to provide a handful of documents that the USMLE Secretariat requested in connection with the rehearing. His reasons for obtaining a further, indeterminate delay while he pursues discovery are insubstantial and should be rejected.

## **BACKGROUND AND PROCEDURAL HISTORY**

The National Board of Medical Examiners ("NBME") and the Federation of State Medical Boards ("FSMB") sponsor the United States Medical Licensing Examination, a three-step exam that Rhode Island and other jurisdictions rely upon to help ensure that prospective physicians have the knowledge and skills needed to provide safe and effective patient care. Step 3 is the final exam

in the USMLE sequence and, if passed, generally leads to a state license to practice medicine without supervision.

Dr. Bowary took Step 3 twice in 2018, failing both times. Rather than retaking Step 3 after his two failed attempts, Dr. Bowary provided an altered score report to the Rhode Island Department of Health ("RIDOH") that reflected a passing score, along with an email that was purportedly sent to him by NBME on July 8, 2019, with the revised score report. He provided these falsified documents in support of his application to become licensed to practice medicine in Rhode Island.

In September 2020, following an investigation and hearing, the USMLE Committee for Individualized Review ("CIR") found that Dr. Bowary engaged in irregular behavior by falsifying his Step 3 score report to reflect a passing score and fabricating an email from NBME to support the authenticity of the falsified score report. As a sanction, Dr. Bowary was barred from retaking the Step 3 exam for three years. The CIR's decision was upheld on appeal by the USMLE Composite Committee on February 12, 2021.

Dr. Bowary initiated this litigation to challenge the finding that he engaged in irregular behavior. He sued in state court and, following removal by defendants, asked the Court to enter a preliminary injunction that would either (1) require NBME and FSMB to inaccurately report to RIDOH that he passed the Step 3 examination (which he acknowledges he has never done), or (2) disregard the CIR's irregularity findings and allow him to immediately retake the Step 3 exam and—if he passed—have that score reported to RIDOH. *See* Dkt. 8 (filed July 13, 2021).

At the conclusion of a hearing on August 30, 2021, the Court partially granted Dr. Bowary's preliminary injunction motion. Based upon what it referred to as a "clerical glitch that occurred in not putting [certain] material forward" to Dr. Bowary in advance of the CIR hearing,

the Court found that Dr. Bowary had shown a likelihood of success on his breach of contract claim. PI Hearing Tr. 35-37, 43-44, 45-46 (Dkt. 22-2). The Court concluded that Dr. Bowary should have been notified in advance of the CIR hearing that NBME staff had prepared reports on the July 2019 email and revised score report that Dr. Bowary claims to have received from NBME. *Id.* The Court also found that Dr. Bowary faced a risk of irreparable harm (deportation). *Id*. at 36. However, the Court did not award either form of relief that he requested. Instead, the Court ordered defendants to "redo" the CIR hearing. *See id*. at 43-44.

After announcing its ruling, the Court stated that it would stay the case while defendants conduct the new CIR hearing for Dr. Bowary and, if applicable, a new appeal before the USMLE Composite Committee, similar to what the Court does in arbitration cases where the case is stayed until the arbitration proceedings conclude and "the parties notify [the Court] whether further action is needed." PI Hearing Tr. 41. Dr. Bowary opposed "holding [the case] in abeyance," arguing—as he does here (Pl. Motion 5-6)—that he suffered damages and has "viable [claims] no matter what happens in [the] remanded proceedings." PI Hearing Tr. 41-43. Dr. Bowary also argued—as he does here (Pl. Motion 7)—that the defendants will not conduct the rehearing fairly and in good faith. PI Hearing Tr. 43-45.

The Court rejected those arguments, finding no reason to believe that "USMLE, its attorneys and its agents will do anything that violates their policies and procedures [or] ... anything other than give a fair hearing," *id*. at 45, and stating why a stay is warranted:

> I think for judicial economy and for the economies of the parties, until the procedural aspect of this is resolved in a fashion that's appropriate, it would waste [the] parties' and judicial time to do anything other than stay the remaining [proceedings] until this procedure [concludes].

*Id*. at 42. Although he "disagree[d]" with the Court, Dr. Bowary's counsel at the time (Dennis Greico) ultimately said, "I respect your Honor's decision." *Id.* at 46.

-4-

At the conclusion of the hearing, the Court asked Mr. Greico to draft the preliminary injunction order in consultation with defendants. *Id.* at 35. While the parties were conferring on the order's content, however, Dr. Bowary filed a motion asking the Court to enter his proposed order. Dkt. 22. The Court then directed defendants to file their proposed preliminary injunction order, which they did. *See* Dkt. 23. Both proposed orders contemplated that the CIR rehearing would occur in December 2021. *See* Dkt. 22-1 at 2; Dkt. 23-1 at 2.

In anticipation of the CIR rehearing, the Office of the USMLE Secretariat sent Dr. Bowary an updated charge letter on October 28, 2021, summarizing the evidence that he "may have engaged in irregular behavior." *See* Pl. Motion, Ex. B at 1 (Dkt. 43-2). The evidence discussed in the letter included internal NBME staff reports concerning the July 2019 email that Dr. Bowary claims he received from NBME and the altered Step 3 score report. *Id*. at 3-4. These are the reports that the Court concluded, in its preliminary injunction ruling, should have been disclosed to Dr. Bowary in advance of the initial CIR hearing. *See* PI Hearing Tr. 20, 26-27, 45-46. Although Dr. Bowary had received copies of both reports after the initial CIR hearing (and before his appeal of that decision to the USMLE Composite Committee), the full NBME staff reports were again sent to him and his counsel with the October 28 letter, along with other materials that NBME staff anticipated providing to the CIR in connection with the December 2021 rehearing.[1]

The USMLE Secretariat also sent Dr. Bowary a second letter on October 28, 2021, again in anticipation of a December 2021 CIR rehearing. *See* Pl. Motion, Ex. C (Dkt. 43-3). In this

---

[1] As discussed *infra* at 13-14, Dr. Bowary supports his request for discovery by suggesting that the first time he saw the NBME staff report on the purported July 2019 NBME email was in late October 2021, when he received a copy from the USMLE Secretariat with the allegations letter for the December 2021 CIR rehearing. *See* Pl. Motion 4, 6. That suggestion is demonstrably false and, frankly, bewildering. The NBME staff report was provided to Dr. Bowary's attorney in ***November 2020***, it is discussed at length in the February 9, 2021 "Expert Witness Report of Dr. Darren R. Hayes" that Dr. Bowary submitted as part of his appeal of the CIR's initial decision, and it was central to the arguments Dr. Bowary made in support of his July 2021 motion for a preliminary injunction. Indeed, it is referenced in the Court's preliminary injunction order. *See* Dkt. 41 at 2.

letter, the Secretariat asked Dr. Bowary to submit "a more legible copy" of the report by Dr. Hayes analyzing the July 2019 email that Dr. Bowary claims to have received from NBME, a copy of the "same version of the email that Dr. Hayes used as the basis for his report," and a handful of telephone records relating to calls he said he had with an NBME customer service representative in advance of receiving the July 2019 email. *Id*.

During this time period (October/November 2021), Mr. Greico withdrew as Dr. Bowary's counsel. *See* Dkt. 27. Dr. Bowary obtained new counsel, and his new counsel requested that defendants postpone Dr. Bowary's CIR rehearing, which was then scheduled for December 2021. Defendants agreed to this request. *See* Ex. 1 hereto.

Also during this time period, defendants learned that Dr. Bowary and RIDOH had entered into an agreement on October 19, 2021, that allowed Dr. Bowary to resume practicing medicine because he had passed a Canadian licensing exam that RIDOH accepts as an alternative to the USMLE exam. *See* Dkt. 26, Ex. A at ¶¶ 9-10. Based upon this significant change in facts, which removed Dr. Bowary's previously alleged risk of irreparable harm, and before the Court acted on either side's proposed preliminary injunction order, defendants moved to vacate the preliminary injunction. *See* Dkt. 26.[2] Defendants committed, however, to conducting a CIR rehearing of Dr. Bowary's case regardless of whether the preliminary injunction was vacated. Dkt. 35-1 at 2.

Through his new counsel, Dr. Bowary opposed the motion to vacate and asked the Court to enter a different version of the preliminary injunction order than the one he previously asked

---

[2] In his preliminary injunction papers, Dr. Bowary argued that he needed an active medical license to avoid irreparable harm, including possible deportation, and that the Step 3 exam was his only viable path to licensure. Dkt. 8 at 37. He acknowledged that RIDOH could accept a passing score on an alternate test, the Licentiate Medical Council of Canada licensing exam, *id*. at 39, but he told the Court it was "extremely unlikely" that he would be able to take that exam in 2021 or perhaps even "in 2022." *Id*. Relying on those assertions, the Court granted Dr. Bowary a preliminary injunction. As it turned out, Dr. Bowary was able to take the Canadian exam in 2021. He now has an active medical license and is employed, which were the two things he previously said he needed to avoid his alleged risk of irreparable harm.

the Court to enter. Dkts. 30, 31. Defendants opposed Dr. Bowary's request and submitted their own preliminary injunction order for the Court's consideration, in the event it denied defendants' motion to vacate the preliminary injunction. Dkt. 35-2. Defendants noted, among other things, that Dr. Bowary's proposed order did not accurately reflect the facts that led to the Court's August 2021 preliminary injunction ruling. *Id*. at 4-7. They also suggested that any written order entered by the Court should include the oral ruling it had already made, during the preliminary injunction hearing, that the litigation would be stayed pending completion of the CIR rehearing process. *Id*. at 8-9. Defendants did not -- as Dr. Bowary states in his motion -- make a "request for a stay," Pl. Motion 3, as the Court had already stayed the case. They simply suggested to the Court that it would be appropriate to include its prior oral stay ruling in the written preliminary injunction order.

On December 16, 2021, the Court denied defendants' motion to vacate the preliminary injunction and entered the second version of the preliminary injunction order that Dr. Bowary's new counsel had submitted. *See* Dkt. 40. The Court entered a Corrected Preliminary Injunction order on January 5, 2022, to add text that was inadvertently omitted from the order entered on December 16th. *See* Dkt. 41.

On January 14, 2022, Dr. Bowary finally sent the USMLE Secretariat a fully legible copy of the February 2021 report by Dr. Darren Hayes that purportedly shows that the email that Dr. Bowary claims to have received from NBME on July 8, 2019 with an updated Step 3 score report "had very likely come from NBME." Pl. Motion 2. As discussed above, the USMLE Secretariat had requested a fully legible copy of the Hayes report in its letter of October 28, 2021 (*see* Dkt. 43-3). It is unclear why Dr. Bowary waited two and half months before providing it.

Almost two months later, on March 4, 2022, Dr. Bowary sent an email message to the Office of the USMLE Secretariat, to which he attached a three-and-a-half-page document titled

"Response to the office of the USMLE Secretariat."  A copy of this Response is attached to Dr. Bowary's pending motion.  *See* Dkt. 43-4.  The Response discussed the supplemental information that the USMLE Secretariat had asked him to provide in its October 28, 2021 letter, objected to the Secretariat's request as purportedly being "an unwarranted invasion on [his] personal privacy," and requested that "USMLE and NBME" produce eight categories of information and documents to him.  *Id*. at 2-5.  Dr. Bowary acknowledged that is "not customary for USMLE/NBME to produce records of this type in connection with a CIR hearing," but asserted -- incorrectly -- that "the Court's January 2022 Order requires NBME to produce all investigative records prior to the hearing."  *Id.* at 5.  The USMLE Secretariat did not produce the requested records.

Also on March 4, 2022, Dr. Bowary's counsel sent a separate email to the Office of the USMLE Secretariat, to which he attached (1) another copy of Dr. Bowary's "Response to the office of the USMLE Secretariat;" (2) a zip file containing a Word version of the email that Dr. Bowary says he received from the NBME on July 8, 2019, with a revised score report for his April 8, 2018 Step 3 exam and a separate one-page document on which the words "See Native File" appear (labeled "BOWARY 00001"); and (3) a PDF consisting of six pages of redacted phone records for his phone (labeled "BOWARY 00002 – BOWARY 00007.pdf") (one page of which was a duplicate).   Thus, in response to the USMLE Secretariat's October 28, 2021 request for a handful of supplemental documents from Dr. Bowary, and months after the request was made, Dr. Bowary provided the Secretariat with a fully legible copy of Dr. Hayes' report, five pages of redacted phone records, and a zip file that purportedly contains the same version of the alleged July 8, 2019 email that Dr. Hayes analyzed in his report.

On March 17, 2022, Dr. Bowary's counsel sent an email to the Court requesting authorization for Dr. Bowary to conduct discovery in this action.  The Court responded that Dr.

Bowary's request should be made "as a motion on the docket," so that it is on the record and defendants have an opportunity to provide a "proper response." Dr. Bowary filed his motion on April 5, 2022, to which defendants now respond.

## ARGUMENT

### I. Fed. R. Civ. P. 26 Does Not Support Dr. Bowary's Motion

Dr. Bowary relies upon Fed. R. Civ. P. 26 to support his motion. *See* Pl. Motion 5, 8. He asserts that "none" of the actions required by Rule 26(a) have occurred, and that defendants have even "failed to answer the Amended Complaint." *Id*. at 5; *see also id*. at 3, 6, 8.

What Dr. Bowary ignores, of course, is the procedural history of this case. In a Text Order dated July 8, 2021, the Court stated that "Defendant's obligation to answer [the] complaint is stayed until further order of the Court." And, during the August 30, 2021 hearing on his preliminary injunction motion, the Court stayed the case pending conclusion of the "redo" of the USMLE proceedings. *See* PI Hearing Tr. 42. Given these prior rulings, defendants have not "failed" to answer Dr. Bowary's amended complaint (the answer is not yet due), and initial disclosures and other actions under Rule 26 are not yet required. *See* Fed. R. Civ. P. 26(a)(1)(A).

### II. The Court's Preliminary Injunction Does Not Support Dr. Bowary's Motion

Dr. Bowary also asserts, in a vague manner, that the Court's preliminary injunction order "required NBME to provide Dr. Bowary with certain documents and information." Pl. Motion 3. This is true, but it hardly supports Dr. Bowary's effort to obtain discovery in this lawsuit. Instead, it supports denying his request to take discovery.

Dr. Bowary's counsel drafted the preliminary injunction order that the Court entered. The order expressly addresses what documents defendants must provide to Dr. Bowary, and when they must be provided:

> Defendants are required to conduct a new CIR proceeding in which Plaintiff is provided with all the procedures set forth in the *USMLE Policies and Procedures Regarding Irregular Behavior* (April 2018), including but not limited to a hearing before the CIR and the right to pursue an appeal to the Composite Committee from any decision of the CIR....
>
> **Any material that Defendants' staff intends to submit to the CIR for its review shall be provided to Plaintiff no less than 6 weeks prior to the date of the [CIR] meeting.** Any material that Plaintiff wants to submit for the CIR's review shall be submitted no less than 3 weeks prior to the meeting.

Dkt. 41 at 1-2. Thus, the documents that Dr. Bowary is entitled to receive in advance of the CIR rehearing are those that NBME staff intend to provide to CIR in advance of the rehearing, and it must provide those documents six weeks prior to the date of the rehearing. Dr. Bowary will then have three weeks to digest those documents (many of which he already has) and provide whatever responsive materials he wants the CIR to review.

Nothing in the Court's preliminary injunction order gives Dr. Bowary the right to obtain discovery in advance of the CIR rehearing. To the contrary, the order states that the rehearing will be conducted in accordance with "the procedures set forth in the *USMLE Policies and Procedures Regarding Irregular Behavior*," and those procedures do not authorize discovery by individuals who are the subject of a CIR proceeding. Dr. Bowary has acknowledged this. *See* Dkt. 43-4 at 5.

### III. Dr. Bowary's Suggestion that He is Entitled to Discovery Because He Does Not Believe that the CIR Rehearing Will be Conducted Fairly is Meritless

In an effort to overcome the fact that neither the applicable USMLE policies nor the Court's preliminary injunction order supports his request for discovery, Dr. Bowary asserts that "there is a growing body of evidence that the yet to be scheduled CIR hearing will likely ignore critical forensic evidence," and that "a result adverse to Dr. Bowary is pre-ordained." Pl. Motion 7-8. As noted above, the same basic argument was made by Dr. Bowary during the hearing on his preliminary injunction motion, in opposition to the Court's decision to order a CIR rehearing. *See* p. 4 *supra*. The Court rejected the argument then, finding no reason to believe that defendants

"will do anything that violates their policies and procedures [or] ... anything other than give a fair hearing." PI Hearing Tr. 45. It should do so again now.

Dr. Bowary's suggestion that defendants intend to "ignore" his "forensic evidence" in connection with the rehearing is unfounded. He bases this suggestion on the fact that "the Hayes Report is nowhere mentioned in the October 2021 'new' allegations letter" that he received from the USMLE Secretariat in advance of the CIR rehearing that was then scheduled for December 2021. *See* Pl. Motion 7; *see also id*. at 3-4, 7 ("That NBME failed to mention [the Hayes Report] in its October 2021 'new' allegations letter is a significant omission.").[3] However, Dr. Bowary ignores the fact that the USMLE Secretariat did not have a fully legible copy of the Hayes report as of October 28, 2021. Nor did it have the same version of the alleged July 8, 2019 NBME email that the Hayes report discusses. Therefore, on the same date that the allegations letter was sent to Dr. Bowary, the USMLE Secretariat sent a *second* letter to Bowary asking for those documents. *See* Dkt. 43-3. The Hayes report is not only "mentioned" in that letter, it was the focus of the letter. The USMLE Secretariat requested supplemental documentation relating to the Hayes report so that the report could be evaluated. Dr. Bowary should have been not only willing but anxious to promptly provide that documentation, as it purportedly shows "that the July 2019 email came from NBME." Pl. Motion 7. Yet he took months to do so. *See* pp. 7-8 *supra*.

There was no reason for the USMLE Secretariat to discuss or even mention the Hayes report in the October 28, 2021 "allegations" letter because the Hayes report had not yet been fully considered by NBME staff, pending receipt of a fully legible copy of that report from Dr. Bowary

---

[3] The referenced October 2021 letter was actually sent by the Office of the USMLE Secretariat, not NBME, and the "allegations" regarding Dr. Bowary's irregular conduct were not "new." *See* Dkt. 43-2 at 1 ("Evidence is available that you may have engaged in irregular behavior by altering your Step 3 score report and drafting a purported email and presenting them to [FSMB, NBME and RIDOH] as authentic.").

-11-

and of the same version of the July 2019 email that the report purports to address -- as requested by the Secretariat in the second letter sent to Dr. Bowary on October 28, 2021.

Finally, it is not true that "the playing will be tilted heavily in favor of NBME" if Dr. Bowary is not "allowed to take discovery prior to the CIR hearing." Pl. Motion 7. Dr. Bowary has the email that he purportedly received from NBME in July 2019, with passing Step 3 score report attached. It is on his computer. He also has a report from Dr. Hayes which he has characterized as "unequivocally" demonstrating, "in detailed fashion, ... that the [July 2019] was authentic." PI Hearing Tr. 8; *see also* Reply Mem. in Support of Pl's Motion for Preliminary Injunction at 5 n.1 (asserting that Dr. Hayes' "IT forensic report" explains "in excruciating detail" why the July 2019 email that Dr. Bowary claims to have received from NBME is "authentic") (Dkt. 15). And he asserts in his pending motion that he "has since obtained other evidence, none of which was in the Hayes Report, that reinforces Dr. Hayes's conclusions and ... convincingly shows that the July 2019 email came from NBME." Pl. Motion. 7. With this evidence already in hand, purportedly showing that the July 2019 email that he allegedly received from NBME is authentic, he does not need discovery from NBME and third parties to fairly respond to the allegation that he engaged in irregular behavior.

This is all the more true given the document exchange that is required under the Court's preliminary injunction order. Six weeks before the CIR rehearing, Dr. Bowary will receive copies of all documents that NBME staff will present to the CIR for its consideration. His attorneys and Dr. Hayes will then have three weeks to review and address those documents in the materials that Dr. Bowary wants to submit to the CIR.

### IV. The "Proof of Concept" Report by NBME Staff Regarding the Alleged July 2019 Email Is Not a New Document and Provides No Basis for Dr. Bowary to Take Discovery

Much of the discussion in Dr. Bowary's motion relates to the so-called "Proof of Concept" report that was prepared by NBME staff regarding the July 8, 2019 email that Dr. Bowary claims to have received from NBME with a passing Step 3 score report. *See* Pl. Motion 4, 6. He suggests that he first learned about this report *after* the Court's preliminary injunction ruling, and he says the report would be a "major focus" of the discovery he wants to take:

> On August 30, 2021, the Court partially granted Plaintiff's Motion for a Preliminary Injunction [and] ... ordered NBME to "redo" the CIR hearing....
>
> NBME issued a 'new' allegations letter in October 2021....
>
> Based on the October 2021 'new' allegations letter, NBME appears to have conducted some sort of internal forensic analysis of the July 2019 email. Attached to NBME's October 'new' allegations letter are a series of documents, including an undated, unsigned "Proof of Concept." The "Proof of Concept" appears to be a forensic analysis of why NBME believed that the July 2019 email received by Dr. Bowary had not originated from NBME and was "spoofed." However, the "Proof of Concept" document does not disclose when it was created, who prepared it, and whether it was shown to the CIR Committee. In addition, there is no indication that whoever prepared the "Proof of Concept" document for NBME was shown the Hayes Report or made any effort to review or respond to the Hayes Report.
>
> Thus, the "Proof of Concept" document raises important questions relevant to NBME's past conduct and to the conduct of the yet to be scheduled CIR hearing....
>
> The "Proof of Concept" document and the CIR process would be a major focus of [the requested] discovery.

Pl. Motion 3, 4, 6.

Contrary to what Dr. Bowary suggests in this discussion, the "Proof of Concept" report by NBME staff is not something that he learned about only recently and needs discovery to address. The USMLE Secretariat provided a copy of the report to his attorney in **November 2020**, subsequent to the initial CIR hearing but in advance of Dr. Bowary's appeal of the CIR's decision to the USMLE Composite Committee. *See* Dkt. 13-1 at ¶ 35, *and id.*, Ex. P-2, at Dkt. pages 158-

-13-

59, and Ex. P-3 at Dkt. pages 166-70. The NBME staff report was discussed at length by Dr. Hayes in his report, and the Hayes report was the centerpiece of Dr. Bowary's motion for a preliminary injunction. *See* Dkt. 8 at 11-21.

Given this background, Dr. Bowary already knows that the NBME staff report was provided to the CIR when it initially considered his case. He also knows already that NBME staff did not consider the Hayes report. They could not have done so because the Hayes report was prepared *after* the NBME staff report. It is preposterous for him to suggest that he needs discovery to determine when the NBME staff report was prepared, whether the NBME staff report was "shown to the CIR" when it considered his case the first time, and whether "whoever prepared the 'Proof of Concept' document for NBME was shown the Hayes Report or made any effort to review or respond to the Hayes Report." *See* Pl. Motion 4.

## **CONCLUSION**

The Court should deny Dr. Bowary's motion. He has presented no reason for the Court to revisit its prior ruling staying the case pending the conclusion of the CIR rehearing and any appeal to the USMLE Composite Committee. Nor has he presented any compelling reason for the Court to allow him to pursue discovery that he has no right to obtain under the USMLE program's policies or the Court's preliminary injunction order. Such discovery would only serve to further delay the rehearing of Dr. Bowary's case by the CIR. Dr. Bowary will have ample opportunity to pursue discovery in support of his legal claims when the internal USMLE process concludes, and if he succeeds on those claims, relief can be provided to him then.

Dated:  April 19, 2022          Respectfully submitted,

      /s Stacey Nakasian
Stacey Nakasian (Bar No. 5069)
SNakasian@duffysweeney.com
Duffy & Sweeney, Ltd.
321 South Main Street, Suite 400
Providence, RI 02903-7109
Telephone:  401-455-0700
Facsimile:   401-455-0701

Robert A. Burgoyne - *pro hac vice*
RBurgoyne@perkinscoie.com
Caroline M. Mew - *pro hac vice*
CMew@perkinscoie.com
Perkins Coie LLP
700 13th St., N.W., Suite 800
Washington, DC 20005-3960
Telephone: 202-654-6200
Facsimile:  202-654-6211

Attorneys for Defendants NBME and FSMB

## CERTIFICATE OF SERVICE

I certify that on April 19, 2022, a copy of the foregoing document was electronically filed and thereby served on Plaintiff through the Court's CM/ECF system, with a courtesy copy sent by email to each of his current counsel of record. The electronically filed document is available for viewing and downloading from the Court's ECF system.

      /s Stacey P. Nakasian