UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL BOWARY, M.D.,

      Plaintiff,

 v.

Case No. 1:21-cv-00278-JJM-LDA

UNITED STATES MEDICAL
LICENSING EXAMINATION,
NATIONAL BOARD OF MEDICAL
EXAMINERS, and THE
FEDERATION OF STATE MEDICAL
BOARDS OF THE UNITED STATES,
INC.,

      Defendants.

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR AN ORDER:
(1) SCHEDULING THE INITIAL RULE 26 DISCOVERY CONFERENCE;
(2) DIRECTING THE PARTIES TO MAKE INITIAL DISCLOSURES;
(3) AUTHORIZING PLAINTIFF TO CONDUCT DISCOVERY OF THIRD PARTIES;
(4) REQUIRING DEFENDANTS TO RESPOND TO THE AMENDED COMPLAINT.**

      Plaintiff Paul Bowary, M.D., submits this Reply in further support of his motion for an order: (1) scheduling the initial Rule 26 pre-trial discovery conference; (2) requiring the parties, prior to the conference, to confer about discovery and make their initial disclosures; (3) allowing Plaintiff to conduct discovery of Defendants and third parties; and (4) requiring the Defendants to respond to the Amended Complaint.

      1.     **This Action Has Not Been Stayed.**

      Defendants' suggestion this action has been stayed is not correct.  At most, on August 30, 2021, the Court orally stayed Defendants' time to file an answer.  However, that stay was not made a part of the January 5, 2022 Amended Order.  Nor has there been any other stay of this action or any other part thereof.

Because Plaintiff has shown a likelihood of success on the merits, it is time for Defendants to file an answer or other responsive pleading. They will not be prejudiced if they must finally respond to the Amended Complaint.

Nor will Defendants be prejudiced if they are required to respond to discovery focused on the grounds supporting Plaintiff's meritorious claim of breach of contract. However, Plaintiff will be prejudiced if his ability to conduct discovery on his meritorious claim is delayed pending the conclusion of the CIR hearing and NBME appeals. As noted in Plaintiff's Motion, NBME has not yet proposed, much less scheduled, a new CIR hearing.

Defendants' assertion that discovery should be bilateral is also misplaced; the ability to obtain information already tips heavily in favor of NBME. First, NBME claims Plaintiff must 'cooperate fully' with all of NBME's information requests. To that end, Defendants have demanded and obtained a considerable amount of documentary information from Plaintiff. In addition, NBME can schedule a CIR interview, which Plaintiff can ill afford to decline to attend, where the CIR can ask almost any question NBME wants. Thus, bilateral discovery, though feasible, is unnecessary when NBME claims it has a right to obtain whatever information it deems necessary without going through the discovery mechanisms of the Federal Rules of Civil Procedure. In any case, Plaintiff does not oppose bilateral discovery per se. He merely seeks a level playing field, which is more than justified where he has shown his claim has merit.

Defendants also claim they could not set a new CIR hearing date until they received a 'legible' copy of Dr. Hayes's Report. However, the lack of a 'legible' copy of Dr. Hayes's Report did not prevent NBME from issuing a 'new allegations' letter in October 2021. Plaintiff is content to let the Court decide whether the 'original' Report of Dr. Hayes, which was sent to NBME in February 2021 and is part of the record in this lawsuit, is so 'illegible' as to make it

2

impossible for NBME to investigate the workings of its own email system.  In any case another copy of the Hayes Report was provided by Plaintiff in January 2022.

The Court should set a firm date by which Defendants must respond to the Amended Complaint; the Court should also convene a Rule 26 Discovery Conference so the issues concerning discovery can be resolved and Plaintiff can move ahead on his meritorious claim.

**2.      Much Has Changed Since Oral Argument On
         Plaintiff's Motion For A Preliminary Injunction**

Defendants suggest that the purpose of the Court's oral August 30 Order was simply to return the Parties to the position they were in when the Court ordered a 're-do' of the CIR Hearing and any subsequent appeals.  NBME Opposition at 4.  Thus, they suggest Plaintiff should be limited to whatever rights are provided for in the USMLE/CIR process.  Opposition at 10.

That argument was never tenable but even if it was, it has been superseded by events. First, unlike the first CIR hearing, the Court's Amended Order of January 5, 2022 establishes a process for the exchange of information that goes beyond what is provided for in the NBME CIR rules.  Second, the Plaintiff has established a likelihood of success on the merits of his claim. Without discovery, Plaintiff's claims will languish.  Finally, Defendants' actions taken since the August 30, 2021 hearing in this case create a need for the Plaintiff to obtain the discovery on his claims.  Thus a return to the situation as it existed prior to August 30, 2021 is not possible and the Court should allow Plaintiff to prosecute its meritorious claims and to protect its right to a fair and impartial CIR hearing and appeal.

Of particular concern is that the 'new' allegations letter from NBME (issued October 28, 2021) presages a process as narrow and misdirected as the first CIR hearing process.  The new allegations letter introduces 'facts' not present in Round 1.  Moreover, NBME's October 2021

3

request for information, which sought copies of Plaintiff's telephone records and the Google Takeout of emails examined by Dr. Hayes when he compiled his Report, (all of which Plaintiff provided to NBME almost two months ago), portends the introduction of yet more 'facts.' Meanwhile, any discussion and analysis of Dr. Hayes's report is absent from the October 2021 'new' allegations letter, all of which regrettably foreshadows a failure by NBME to examine the truth underlying the allegations against Dr. Bowary.

Defendants' position is that it has been spoofed, that it was the victim of a false email. Members of the CIR committee claimed that NBME's scoring process has been "flawless" and that over a very long period of time, NBME never made a single mistake in the scoring or reporting of a score.  If true, that would be very commendable but the past does not guarantee the future, especially when there is no evidence Dr. Bowary played any role in the July 2019 emails. Dr. Hayes's Report casts grave doubt on NBME's assertions of 'perfection.' Furthermore, NBME's unsigned and ambiguous "Proof of Concept" document (regardless of when it was delivered to Plaintiff's prior counsel) does nothing to dispel the growing likelihood that something went wrong inside NBME.  NBME is left with little to support its allegations of 'irregular conduct' beyond collateral attacks on Dr. Bowary's credibility.

Plaintiff has shown he has a meritorious claim for breach of contract; as a result of NBME's breach, Plaintiff experienced a very significant financial loss.  Meanwhile Plaintiff's damages continue unabated as long as his history with NBME is in the public domain. Resolving the issue of the email's source requires a commitment to finding the truth.  NBME's actions since August 30th do not reassure Plaintiff; they should also give this Court reason to be concerned whether Defendants are indeed so committed.  NBME seems to be dragging its feet on

setting a new CIR hearing, all the while Plaintiff's claims languish and NBME looks everywhere

for an explanation – except inside its own organization.

For the foregoing reasons, Plaintiff requests that, as provided for in Rule 26, Fed. R. Civ.

P., the Court enter an order:

(1) requiring the Defendants to answer or otherwise respond to the Amended Complaint;
(2) scheduling a pre-trial discovery conference;
(3) requiring the parties, prior to the conference, to confer about discovery and make their initial disclosures;
(4) allowing Plaintiff to conduct discovery of Defendants and third parties; and
(5) ordering that the new CIR hearing not be conducted until Dr. Bowary has obtained the discovery permitted by the Court.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Richard Goldstein*
Richard Goldstein, Esq. (#8501)
One Beacon Street, Suite 1320
Boston, MA 02108
Phone: (617) 598-6740
Mobile: (617) 938-3500
richard.goldstein@huschblackwell.com

Jeffrey Chase-Lubitz, Esq. (#3701)
One Richmond Square, Suite 165W
Providence, RI 02906
Phone: (401) 454-0400
Mobile: (401) 225-8858
jeffrey.chase-lubitz@huschblackwell.com

**Susan Douglas Taylor**
575 Madison Avenue
10th Floor
New York, NY 10022
Phone: (212) 873-0711
Email: st@susandouglastaylor.com
Admitted *pro hac vice*

*Attorneys for Plaintiff Paul Bowary, M.D.*

Dated: April 26, 2022

5

## <u>CERTIFICATE OF SERVICE</u>

 I, Richard Goldstein, Esq., hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to any indicated as non-registered participants on this 26th day of April, 2022.

*/s/ Richard Goldstein*
Richard Goldstein, Esq.

HB: 4894-7106-4093.1