UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

PAUL BOWARY, M.D.,
    Plaintiff,

v.

UNITED STATES MEDICAL
LICENSING EXAMINATION:
NATIONAL BOARD OF MEDICAL
EXAMINERS; and THE
FEDERATION OF STATE MEDICAL
BOARDS OF THE UNITED STATES,
INC.,
    Defendants.

C.A. No. 21-278-JJM-LDA

## ORDER

Plaintiff Paul Bowary, M.D. has filed two motions before the Court: Motion to Dismiss Defendants' Counterclaims (ECF No. 62), and Motion to Strike Paragraphs 62 and 64 of Defendants' Counterclaims. ECF No. 64. The counterclaims allege breach of contract and a violation of state computer crime laws.

### A. MOTION TO DISMISS COUNTERCLAIMS – ECF No. 62

1) *Breach of Contract Counterclaim*

Defendants allege that Dr. Bowary breached his contract with them by engaging in "irregular behavior" prohibited by the United States Medical Licensing Examination ("USMLE") Bulletin of Information, which included "changing any information on score reports, transcripts, or any other USMLE-related documents" and "failing to cooperate fully in an investigation of a violation of the USMLE rules." ECF No. 60 at 4, ¶ 15. Dr. Bowary moves to dismiss this counterclaim, arguing that

(a) the Court's Order granting a preliminary injunction found that Defendants breached the contract and vacated Defendants' Finding of "Irregular Behavior" and (b) there are no damages.

      a)    <u>The Court's Order</u>: This Court did not find as a matter of law that Defendants breached the contract such that it prohibits Defendants from proving their breach of contract counterclaim against Dr. Bowary. The Court merely granted a preliminary injunction requiring that Defendants redo the internal hearing to ensure that they afforded Dr. Bowary the process it intended. ECF No. 41. That ruling does not prohibit Defendants from pressing a claim that Dr. Bowary violated the contract through "irregular behavior."

      b)    <u>Lack of Damages</u>: Defendants have adequately and plausibly plead that they suffered damages resulting from Dr. Bowary's alleged breach of contract.

Therefore, the Court DENIES Dr. Bowary's motion to dismiss Defendants' breach of contract counterclaim.

2) *State Computer Crime Claims*

Defendants allege that Dr. Bowary violated Rhode Island's computer crime laws, R.I. Gen. Laws §§ 11-52-3 and 11-52-4.1(3) and (5). They identify three acts that they claim Dr. Bowary took that violate these sections: (1) "…altering computer data (i.e., Dr. Bowary's Step 3 score and score report and one or more emails he received from [the National Board of Medical Examiners ("NBME")]" for a fraudulent purpose and without authorization to do so; (2) "using a computer to alter computer

data" (i.e., USMLE Step 3 score and score report); and (3) "using a computer to damage Defendants' property" (i.e., USMLE Step 3 score report).

R.I. Gen. Laws § 11-52-3 prohibits "accessing a computer for the purpose of obtaining property by means of false or fraudulent pretenses." *State v. Jilling*, 275 A.3d 1160, 1169 (R.I. 2022). The legislature chose to prohibit "accessing" a computer to obtain property through fraud, implying that the prohibition applies to accessing someone else's computer, not one's own; if the statute intended to prohibit using one's own computer, it would have so stated. *State v. Diamante*, 83 A.3d 546, 548 (R.I. 2014) ("It is a fundamental principle that, when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings."). The counterclaim does not allege that Dr. Bowary "accessed" another's computer to commit a fraud. Because Defendants have only alleged that Dr. Bowary used his own computer to commit a fraud, the state statute does not apply.

Similarly, R.I. Gen. Laws 11-52-4.1 makes it "unlawful for any person to use a computer or computer network without authority." Defendants have not alleged that Dr. Bowary used any computer without authority. Because Defendants do not state claims under Rhode Island's computer crime laws, R.I. Gen. Laws §§ 11-52-3 and 11-52-4.1(3) and (5), the Court GRANTS Dr. Bowary's motion to dismiss Defendants' counterclaim under those statutory sections.

## B. MOTION TO STRIKE – ECF No. 64

Dr. Bowary moves to strike two paragraphs from Defendants' counterclaim—Paragraphs 62 and 64 (ECF No. 60 at 29-30). ECF No. 64. He claims that the paragraphs are immaterial and irrelevant to the counterclaims, that Defendants asserted them to annoy or embarrass Dr. Bowary, and these paragraphs do not allege fraud with particularity.

The Court DENIES Dr. Bowary's motion to strike. These two paragraphs are part of the allegations Defendants use to support their breach of contract counterclaim. There is nothing before the Court that supports Dr. Bowary's assertion that Defendants inserted them to harass or embarrass. In fact, Paragraph 62 merely quotes Dr. Bowary's testimony before the Board in the rehearing that this Court ordered. Defendants will be put to their proof, but at the initial stages of litigating the counterclaim, the allegations stand.

## C. CONCLUSION

The Court GRANTS IN PARTS AND DENIES IN PART Dr. Bowary's Motion to Dismiss Defendants' Counterclaims. ECF No. 62. The counterclaim for breach of contract stays; the counterclaim for violating the state computer crimes law is dismissed. The Court DENIES Dr. Bowary's Motion to Strike. ECF No. 64.

4

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

January 9, 2024